JAY CHAMBERS *v.* STATE OF MARYLAND

[No. 94, September Term, 1967.]

*Decided April 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Frank M. Kratovil* for appellant.

*Edward S. Digges, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James C. Kenhil, Deputy State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Appellant, Jay Chambers, was found guilty of criminal contempt by a jury, Chief Judge J. Dudley Digges presiding, in the Circuit Court for Prince George's County, and was sentenced by the court to serve one year in the Maryland House of Correction, and appealed. He had been adjudged to be in contempt of court for failing to obey a court order to take a blood test in connection with a paternity proceeding.

In its brief and oral argument before the court the State moves that this appeal be dismissed on the grounds that this Court lacks appellate jurisdiction in contempt cases. Since the granting of the motion will be dispositive of the appeal, we will consider the motion to dismiss.

The lower court, the State's attorney and the appellant all considered this case to be in the nature of a criminal contempt. In support of its motion the State argues that, assuming this proceeding is of a criminal nature, it is not such a "conviction" as referred to in Maryland Code (1967 Cum. Supp.), Article 5, sec. 12 (Criminal Appeals) or non-capital "criminal case" as stated in Maryland Code (1966 Repl. Vol.), Article 26, sec. 130, over which this Court has appellate jurisdiction.

Under the common law there was no appeal from the judgment or order of the court in contempt proceedings regardless of whether the contempt was criminal or civil in its nature, un-

less specially authorized by statute. This was the conclusion reached by the Court of Appeals of Maryland in *Kelly v. Montebello Park Co.,* 141 Md. 194, 118 A. 600 (1922). There the Court in its opinion pointed out that since there is no statute in this State providing for appeals in contempt cases, the common law would apply, and "the order appealed from is not subject to review by this Court." The Court of Appeals reached a similar conclusion in the later case of *Ex Parte Sturm,* 152 Md. 114, 124-126, 136 A. 312 (1927), where the Court found that a judgment imposing a fine for criminal contempt in violating an order within the legitimate scope of the Court's authority was not appealable, since there was no statute in force expressly providing for appeals in such cases.

Following the decision in *Ex Parte Sturm, supra,* the General Assembly enacted express legislation authorizing appeals to be taken in all contempt proceedings. Laws of Maryland 1927, Ch. 357.

The statutory authorization for appeals in contempt cases is now set forth in Sections 18 and 7(e) of Article 5 of the Maryland Code (1957) and (Cum. Supp. 1967). Section 18 of Article 5 (Code 1957) titled "Appeals in Contempt Cases" provides as follows:

"Any person may appeal to the Court of Appeals from any order or judgment passed to preserve the power or to vindicate the dignity of the court and adjudging him in contempt of court. Upon such appeal, in cases of both direct and constructive contempt, the Court of Appeals shall consider and pass upon the law and the facts and shall make such order as to it may deem proper, including the reversal or modification of the order from which the appeal was taken."

Section 7(e) of Article 5 (1967 Cum. Supp.) titled "Appeals from Certain Interlocutory Orders" provides:

"Any party may appeal to the Court of Appeals from any of the following interlocutory orders entered by or actions of a court of equity:" * * *

"(e) An order, remedial in its nature, adjudging in contempt of court any party to a cause or any person

not a party thereto, except orders entered requiring the payment of alimony."

Section 12 of Article 5 (Code 1957), titled "Appeals in Criminal Cases," was amended in 1966 (Ch. 12, sec. 1, Laws of Maryland 1966), to transfer jurisdiction in all non-capital criminal cases from the Court of Appeals to the Court of Special Appeals. However, Sections 7(e) and 18 of Article 5 (Code 1957), authorizing appeals in contempt cases were not so amended, and appeals from orders and judgments for contempt remain exclusively within the jurisdiction of the Court of Appeals. Had the General Assembly intended otherwise, it would have amended Sections 7(e) and 18 of Article 5 (Code 1957) in the same manner that it amended Section 12 of Article 5, to transfer jurisdiction from the Court of Appeals to the Court of Special Appeals. Not having done so, we can only conclude that the General Assembly intended jurisdiction in criminal contempt proceedings to remain in the Court of Appeals.

Since appeals in criminal contempt cases were not authorized under the general statutory provisions for criminal appeals (See *Ex Parte Sturm, supra,* and *Montebello Park Co., supra*), the amendment of Article 5, Sec. 12 (Code 1957) passed in 1966 (Cum. Supp. 1967) would not vest this Court with appellate jurisdiction over such cases.

As we find that we have no appellate jurisdiction in criminal contempt proceedings, the appeal must be dismissed.

However, an examination of the record discloses that appellant noted his appeal to the Maryland Court of Appeals from the judgment in this case, but, through a clerical error, the record was transferred from the Circuit Court for Prince George's County, Maryland to the Court of Special Appeals of Maryland and docketed in that Court.

The appeal must be dismissed for lack of jurisdiction, without prejudice to any right he may have to further perfect his appeal to the Court of Appeals of Maryland.

*Appeal dismissed.*