808 A.2d 795

**The PACK SHACK, INC.,**

v.

**HOWARD COUNTY, Maryland.**

**No. 71, Sept. Term, 2001.**

Court of Appeals of Maryland.

Oct. 9, 2002.

244

Joseph S. Kaufman (Schulman & Kaufman, LLC, on brief), Baltimore, for petitioner.

Paul T. Johnson, Deputy County Solicitor (Barbara M. Cook, Howard County Solicitor, on brief), Ellicott City, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and BATTAGLIA, JJ.

BELL, Chief Judge.

The issue we resolve in this case is whether a party who unsuccessfully petitions the trial court to hold an adversary in constructive civil contempt of court may appeal the denial of that petition. The Court of Special Appeals held that, where the order denying the contempt petition is so closely intertwined with a separate, appealable order as to be reviewable as a part of that judgment, the petitioning party does have a right to appeal. *Howard County v. The Pack Shack, Inc.*, 138 Md.App. 720, 725, 773 A.2d 612, 615 (2001). We shall reverse,

holding that a party that files a petition for constructive civil contempt does not have a right to appeal the trial court's denial of that petition.

## I.

Howard County adopted, as a part of its Zoning Regulations, CB 65–1997, which regulated the location in the County of adult entertainment businesses. Pack Shack, Inc., the petitioner, operates an adult book or video store, as defined in the Zoning Regulations. It filed a declaratory judgment action in the Circuit Court for Howard County, challenging the constitutionality, as applied to its premises, of those portions of the respondent Howard County's Zoning Regulations that restrict adult book or video stores to certain areas of the County. The court upheld those zoning regulations and issued a permanent injunction that enjoined the petitioner from using its leased premises in violation of the County's zoning regulations. The petitioner noted an appeal to the Court of Special Appeals.

While that appeal was pending in the intermediate appellate court, the respondent filed in the trial court, in the declaratory judgment action, a petition for constructive civil contempt to enforce the injunction previously entered against the petitioner. The petition was filed following an inspection conducted by the respondent of the petitioner's premises. From that inspection, the respondent concluded that the petitioner was continuing to operate its adult book or video store more than a year after the effective date of CB 65–1997 and in violation of the injunction against doing so that had been issued by the trial court less than a week before.[1] The court found that there was insufficient evidence to hold the petitioner in contempt and, therefore, ruled that the verdict was not guilty.[2]

---

1. CB 65–1997 was made effective February 3, 1998 and provided for an amortization period of one year from that date, during which an adult entertainment business validly established before that date could continue to operate.

2. The court reasoned:

Dissatisfied with that decision, the respondent, as the petitioner had done a week or so before, noted an appeal to the Court of Special Appeals. In that court, it moved to consolidate its appeal with the petitioner's then still pending appeal in that court. The petitioner, for its part, moved to dismiss the respondent's appeal, arguing that it was not permitted because there was no statutory basis for it. The Court of Special Appeals ultimately denied both motions. With respect to the declaratory judgment case, it affirmed the trial court's judgment. *The Pack Shack, Inc. v. Howard County,* 138 Md.App. 59, 770 A.2d 1028 (2001). Although recognizing that there ordinarily is no right of appeal from a trial court's denial of a petition for constructive civil contempt, the intermediate appellate court held that the respondent could appeal in the case *sub judice* "because the contempt proceeding was in the nature of a civil execution to enforce a decree intertwined with an appealable order, i.e., the injunction." *Howard County v. The Pack Shack, Inc.,* 138 Md.App. 720, 725, 773 A.2d 612, 615 (2001). On the merits, the Court of Special Appeals vacated the contempt judgment, holding that the trial court applied the wrong burden of proof. *Id.* at 746, 773 A.2d at 627. It remanded the case for application of the appropriate standard. *Id.*

## II.

The right to appeal in this State is wholly statutory. *Prince George's County v. Beretta U.S.A. Corp.,* 358 Md. 166, 747 A.2d 647 (2000); *See also Gisriel v. Ocean City Elections*

---

"The Court is satisfied that this is a separate proceeding. That in order to be found guilty, the County has the obligation of establishing that a significant and substantial portion of the stock in trade is characterized by an emphasis on matters depicting, describing or relating to sexual activities. That's a heavy burden."

Petitioner contended that it was no longer operating a prohibited adult or video store and presented testimony to support that contention, focusing on whether "a significant or substantial portion of its stock in trade is characterized by an emphasis on matters depicting, describing or relating to sexual activities." The respondent, of course, countered with evidence to the contrary.

*Bd.*, 345 Md. 477, 489, 693 A.2d 757, 763 (1997), *cert. denied,* 522 U.S. 1053, 118 S.Ct. 702, 139 L.Ed.2d 645 (1998).[3] We

3.  *See also Howard County v. JJM, Inc.,* 301 Md. 256, 261, 482 A.2d 908, 910 (1984) ("the right of appeal is wholly statutory. Therefore, the General Assembly must expressly grant such a right."); *State v. Bailey,* 289 Md. 143, 147, 422 A.2d 1021, 1024 (1980) (the right to appeal "in either a civil or criminal case, must find its source in an act of the legislature"); *Jones v. State,* 298 Md. 634, 637, 471 A.2d 1055, 1057 (1984) ("Under Maryland law the State's right to appeal in a criminal case is limited; it may do so only when authorized by statute."); *Lohss and Sprenkle v. State,* 272 Md. 113, 116, 321 A.2d 534, 536–37 (1974) ("Our consideration of the question presented here necessarily commences with a recognition of the principle that in Maryland, appellate jurisdiction is dependent upon a statutory grant of power.") (citations omitted); *see also Cubbage v. State,* 304 Md. 237, 241, 498 A.2d 632, 634 (1985) ("In Maryland, the right to appeal a criminal conviction is statutory ..."); *Estep v. Estep,* 285 Md. 416, 422, 404 A.2d 1040, 1043 (1979) ("It being established that the jurisdiction of the appellate courts of this State 'is at this time delimited by statute,' ... we look to the pertinent enactment to determine the scope of the court['s] ... basic authority to act"); *Smith v. Taylor,* 285 Md. 143, 146, 400 A.2d 1130, 1132 (1979) ("The basis of appellate review in this State in both civil and criminal cases is delineated by statute"); *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 90, 394 A.2d 801, 803 (1978) ("the appellate jurisdiction of the courts of this State in both civil actions and criminal causes is at this time delimited by statute"); *Jolley v. State,* 282 Md. 353, 355, 384 A.2d 91, 93 (1978) ("Appellate jurisdiction in both civil actions and criminal causes is dependent upon a statutory grant of power"); *Criminal Injuries Comp. Bd. v. Gould,* 273 Md. 486, 500, 331 A.2d 55, 64 (1975) ("An appellate right is entirely statutory in origin and no person or agency may prosecute such an appeal unless the right is conferred by statute"); *Mace Produce v. State's Attorney,* 251 Md. 503, 508, 248 A.2d 346, 350 (1968) (" 'The right to take an appeal is entirely statutory, and no person or agency may prosecute an appeal unless the right is given by statute' ") (quoting *Subsequent Injury Fund v. Pack,* 250 Md. 306, 309, 242 A.2d 506, 509 (1968)); *Woodell v. State,* 223 Md. 89, 93, 162 A.2d 468, 471 (1960) ("the right of appeal is a creature of the statute"); *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 406, 76 A.2d 736, 738 (1950) ("It is, of course, an accepted principle that the Court of Appeals will not entertain an appeal except when prescribed by law, and before it undertakes to review the proceedings of a subordinate tribunal, the authority must be shown"); *Amer. Bank Stationery Co. v. State,* 196 Md. 22, 28–29, 75 A.2d 86, 88 (1950) (" 'Where a statutory right of appeal is granted, that remedy is exclusive,' " quoting *Anne Arundel County v. Snyder,* 186 Md. 342, 348, 46 A.2d 689, 692 (1946)). *See also, e.g., State v. Anderson,* 320 Md. 17, 25, 575 A.2d 1227, 1231 (1990); *Harper v. State,* 312 Md. 396, 402–07, 540 A.2d 124, 127–29 (1988); *Clark v. Elza,* 286 Md. 208, 211–12, 406 A.2d 922, 924 (1979); *Eastgate Assocs. v. Apper,* 276 Md. 698, 700–01,

recently reaffirmed this principle in *State v. Green*, 367 Md. 61, 78, 785 A.2d 1275, 1285 (2001). Noting that "except as may be constitutionally authorized, the right of appeal is entirely dependent upon statutes," *Id.* at 76, 785 A.2d at 1284, we held that the appeals statutes represent the entire subject matter of the law of appellate review and, as such, abrogate the common law on the subject. *Id.* at 77–78, 785 A.2d at 1284. In so concluding, we were persuaded by the rationale of *Robinson v. State*, 353 Md. 683, 728 A.2d 698 (1999), holding that the enactment of Md.Code (1957, 1996 Repl.Vol.) Art. 27 §§ 12, 12A, and 12A–1, abrogated common law assault. *Id.* at 77, 785 A.2d at 1284.[4]

As in *State v. Green, supra,* this case turns on the statutory construction of the relevant appeals statutes, Md.Code (1974, 1998 Replacement Volume) §§ 12–101 et. seq." of the Courts and Judicial Proceedings Article. It is appropriate, therefore, that we begin our inquiry with those appeals statutes for, if there is a right to appeal in this case, it must be grounded there.

The statutory scheme is structured to confer a broad, general right of appeal, that subsequently is limited by enumerated "exceptions." *See State v. Green*, 367 Md. at 78, 785

---

350 A.2d 661, 663 (1976); *Eisel v. Howell,* 220 Md. 584, 587, 155 A.2d 509, 511 (1959); *Switkes v. John McShain, Inc.,* 202 Md. 340, 343–45, 96 A.2d 617, 618–20 (1953); *State v. Barshack,* 197 Md. 543, 80 A.2d 32 (1951); *State v. Rosen,* 181 Md. 167, 169, 28 A.2d 829, 829 (1942); *Brooks v. Sprague,* 157 Md. 160, 164, 145 A. 375, 377 (1929); *Hendrickson v. Standard Oil Co.,* 126 Md. 577, 581, 95 A. 153, 155 (1915); *Peoples v. Ault,* 117 Md. 631, 635, 84 A. 60, 61 (1912); *Dillon v. Conn. Mutual Life Ins. Co.,* 44 Md. 386, 394–95 (1876); *Barth v. Rosenfeld,* 36 Md. 604, 615 (1872).

4. In *Robinson v. State,* 353 Md. 683, 694, 728 A.2d 698, 703 (1999), we said:

"To be sure, the language of the 1996 assault statutes contain no specific words of repeal or abrogation, nor is there any conflict between those statutes and the common law. We have determined, however, that the statutes as adopted represent the entire subject matter of the law of assault and battery in Maryland, and as such, abrogate the common law on the subject."

A.2d at 1284. The general right of appeal is contained in § 12–301. It provides:

"Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

Section 12–302 contains the exceptions, or limitations, on that general right of appeal.[5] Relevant to this case is § 12–302(b). It expressly states that "[s]ection 12–301 of this subtitle does not apply to appeals in contempt cases, which are governed by §§ 12–304 and 12–402 of this title."[6] Section 12–304 provides:

"(a) *Scope of review.*—Any person may appeal from any order or judgment passed to preserve the power or vindicate the dignity of the court and adjudging him in contempt of court, including an interlocutory order, remedial in nature, adjudging any person in contempt, whether or not a party to the action.

"(b) *Exception.*—This section does not apply to an adjudication of contempt for violation of an interlocutory order for the payment of alimony."

---

**5.** In addition to limiting appeals in contempt cases, § 12–302 limits criminal appeals by the State, *see* § 12–302(c), appeals from Circuit Courts exercising appellate jurisdiction in reviewing decisions of District Courts, *see* § 12–302(a), appeals from decisions of the Circuit Courts sitting in banc, pursuant to Article IV § 22 of the Constitution, *see* § 12–302(d), and appeals from orders of a sentence review panel of a Circuit Court, under Maryland Code (1957, 1996 Replacement Volume) Article 27 §§ 645JA through 645JG. *See* § 12–302(f).

**6.** Section 12–402 is substantively the same as Section 12–304, but, because it only applies to appeals in contempt cases from the District Court of Maryland, is not relevant to the resolution of this case.

The petitioner argues that the respondent had no right to appeal the Circuit Court's denial of its contempt petition. Noting that § 12–304 is the only source for the right of appeal in contempt cases, it asserts that the language of that section clearly limits the appeal right to persons adjudged in contempt. The petitioner relies on *Tyler v. Baltimore Co.,* 256 Md. 64, 70–72, 259 A.2d 307, 310–11 (1969), where we held that there was no right of appeal from a trial court's refusal to issue a contempt order. Discussing the predecessors of the current appeals statutes,[7] the *Tyler* court opined:

> "Our view is that ordinarily these two statutes offer the only right in Maryland to appellate review in cases of either civil or criminal contempt, and they offer the right only to those adjudged in contempt, not to those who unsuccessfully seek to have another held to be contemptuous."

*Id.* at 70–71, 259 A.2d at 310. Because the respondent was not a person adjudged in contempt, the petitioner contends, the Court of Special Appeals lacked jurisdiction to entertain the respondent's appeal and, therefore, there was no right of appeal in this case. The intermediate appellate court, the petitioner submits, should have granted its motion to dismiss.

In response, the respondent contends that "by misconstruing certain appeal provisions contained in the Courts & Judi-

---

**7.** The right to appeal in contempt cases, codified in § 12–304(a), formerly was addressed in two separate statutes. Maryland Code (1957, 1968 Repl.Vol.), Art. 5, § 18, entitled "Appeals in Contempt Cases," provided that "[a]ny person may appeal to the Court of Appeals from any order or judgment passed to preserve the power or to vindicate the dignity of the court and adjudging him in contempt of court." Maryland Code (1957, 1968 Repl.Vol.), Art. 5, § 7(e), entitled "Appeals from Certain Interlocutory Orders," authorized appeal from "[a]n order, remedial in its nature, adjudging in contempt of court any party to a cause or any person not a party thereto, except orders entered requiring the payment of alimony." These sections were combined when the Courts & Judicial Proceedings Article was adopted as part of Code Revision in 1973. *See* 1973 Md. Laws Special Session ch. 2, Section 1. The Revisor's Note to § 12–301 states that the recodification was not intended to change the general rules as to appealability, with one exception not relevant to the right of appeal in contempt cases, and directs readers to § 12–304 with respect to appeals in contempt cases.

cial Proceedings Article of the Maryland Annotated Code ...,
[the petitioner] seeks to strip the County, and any moving
party in a civil contempt proceeding, of the right to appeal a
final civil judgment of a trial court refusing to enforce a
previous court order through a civil contempt order." It
maintains that it has a right of appeal under § 12–301, which,
by "providing that 'a party may appeal from a final judgment
entered in a civil ... case by a circuit court,' supplies the
statutory authority...." Section 12–304 does not govern its
appeal, the respondent submits. In fact, the respondent as-
serts, § 12–304 merely supplements the general right of ap-
peal provided in § 12–301, by expressly conferring that right
in certain types of contempt cases: its main clause ("Any
person may appeal from any order or judgment passed to
preserve the power or vindicate the dignity of the court and
adjudging him in contempt of court") expressly authorizes
appeals in criminal contempt cases, while it's subordinate
clause ("including an interlocutory order, remedial in nature,
adjudging any person in contempt") authorizes appeals from
contempt judgments relating to the enforcement of a tempo-
rary injunction or restraining order. Noting that the term
"contempt" is not defined in § 12–302(b) and, thus, does not
differentiate between civil and criminal, but contending that,
from its terms and the way it has been interpreted, § 12–304
clearly applies only to criminal contempt and orders enforcing
interlocutory orders, neither of which characterizes the order
in this case, the respondent concludes that its appeal is not of
the type specifically referenced in § 12–304, with the result
that the appeal is authorized under § 12–301's general right of
appeal.

The respondent further argues, advancing the rationale
adopted by the Court of Special Appeals, that, even if § 12–
301 did not authorize its appeal, the appeal is authorized
because it is so closely intertwined with the separate perma-
nent injunction, which the petitioner appealed. Here, the
respondent relies, as did the intermediate appellate court, on
language in *Tyler v. Baltimore Co., supra,* 256 Md. at 71, 259
A.2d at 311, suggesting that, occasionally, someone other than

the person held in contempt may appeal in contempt actions when the contempt ruling is sufficiently closely related to an order or judgment that is appealable.

## III.

On numerous occasions, we have stated "that the cardinal rule [of statutory construction] is to ascertain and effectuate the legislative intent." *See Mayor and City Council of Baltimore v. Chase,* 360 Md. 121, 128, 756 A.2d 987, 991 (2000); *See also Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423, 429 (1995); *Montgomery County v. Buckman,* 333 Md. 516, 523, 636 A.2d 448, 451, (1994); *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753, 755 (1993); *State of Maryland v. Crescent Cities Jaycees Foundation Inc.,* 330 Md. 460, 468, 624 A.2d 955, 959 (1993); *Privette v. State,* 320 Md. 738, 744, 580 A.2d 188, 191 (1990); *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471, 474 (1988). The primary source for determining legislative intention is the language of the statute. *See Marriott Employees Fed. Credit Union v. Motor Vehicle Admin.,* 346 Md. 437, 444–45, 697 A.2d 455, 458 (1997). To this end, we begin our inquiry with the words of the statute and, ordinarily, when the words of the statute are clear and unambiguous, according to their commonly understood meaning, and express a meaning, consistent with the statute's apparent purpose, that also is where our inquiry concludes. *See Oaks, supra,* 339 Md. at 35, 660 A.2d at 429; *Prince George's County v. Vieira,* 340 Md. 651, 658, 667 A.2d 898, 901 (1995); *Tidewater/Havre de Grace v. Mayor of Havre de Grace,* 337 Md. 338, 344, 653 A.2d 468, 472 (1995); *Buckman, supra,* 333 Md. at 523, 636 A.2d at 451–52; *Gargliano v. State,* 334 Md. 428, 435, 639 A.2d 675, 678 (1994); *Condon, supra,* 332 Md. at 491, 632 A.2d at 755; *Harris v. State,* 331 Md. 137, 145–46, 626 A.2d 946, 950 (1993); *State v. Thompson,* 332 Md. 1, 7, 629 A.2d 731, 732 (1993); *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991); *Collins v. State,* 321 Md. 103, 107, 581 A.2d 426, 428 (1990), *appeal after remand,* 326 Md. 423, 605 A.2d 130 (1992).

Applying these well-settled principles to the facts of this case, we agree with the petitioner that § 12–304 clearly and unambiguously limits the right to appeal in contempt cases to persons adjudged in contempt. Its plain language says as much; to be appealable, § 12–304 requires the order or judgment to be passed to preserve the power and dignity of the court and to have adjudged the person appealing in contempt of court. As we explained in *State v. Green, supra,* 367 Md. at 78, 785 A.2d at 1284, the appeals statutes are structured to confer a broad, general right of appeal that is subject to enumerated limitations. Here, that structure unambiguously communicates that appeals in contempt cases fall within an enumerated exception and are not governed by the general right of appeal contained in § 12–301. As correctly noted by the petitioner, § 12–301 directs the reader to § 12–302, which appropriately is entitled "Exceptions" and clearly states that § 12–301 "does not apply to appeals in contempt cases." *See* § 12–302(b). Section 12–302(b), in turn, directs the reader to § 12–304. That section, entitled "Appeals in contempt cases," consistent with the proposition that it provides the sole basis for appellate review in contempt cases, expressly limits appellate review in contempt cases to persons adjudged in contempt. As the respondent filed the contempt petition, it was not adjudged in contempt of court. Therefore, not being a person held in contempt, it had no right to appeal the trial court's denial of the contempt petition. We hold that the general right of appeal contained in § 12–301 does not extend to contempt cases and, consequently, it cannot provide the statutory basis for an appeal from a trial court's denial of a petition for constructive civil contempt.

The Court of Special Appeals thus correctly concluded that "the express language of the applicable statutes point[s] to the conclusion that there is no right of appeal by a party who unsuccessfully seeks to have another party held in contempt." *Howard County v. The Pack Shack, Inc.,* 138 Md.App. at 730–31, 773 A.2d at 618. "[T]he strong repeated dicta in the cases, the language in current CJ §§ 12–301 and 12–302, indicating that only § 12–304 is applicable to appeals in contempt cases,

and the absence of a holding that the general statute does provide such a right" all support such a conclusion. *Id.* at 741, 773 A.2d at 625.

The respondent submits that § 12–304 was not intended to apply to cases like the instant one, where a moving party in a constructive civil contempt action appeals a refusal to enforce a permanent final injunction. It finds significant, in that regard, that neither § 12–302 nor § 12–304 expressly differentiates between civil and criminal contempt, referring merely to "contempt." Despite not defining "contempt" as referring to civil or criminal contempt, the respondent contends, nevertheless, that, by describing the kinds of cases in which it applies, § 12–304 was intended by the Legislature "to provide express and supplementary authority in certain types of contempt cases in addition to the general authority for appeals provided in CJ Section 12–301." Those types of contempt cases, the respondent concludes, are criminal contempt cases and contempt orders or judgments relating to the enforcement of a temporary injunction or restraining order. And, because neither is involved in the case sub judice, it asserts, the general authority for appeals prescribed in § 12–301 controls.

That neither § 12–302(b) nor § 12–304 differentiates between civil and criminal contempt cases does not lead inexorably to the conclusion that the generic reference to "contempt cases" in those provisions means that § 12–301 applies to any contempt cases to which § 12–304 does not apply. Nor is there significance in the fact that the Maryland Rules did not differentiate between criminal and civil contempt until this Court's Order of June 7, 1996, effective January 1, 1997, adopting new contempt rules, Maryland Rules 15–201 to 15–208. Our cases have long recognized and discussed the distinction between civil and criminal contempt. *Kelly v. Montebello Park Co.,* 141 Md. 194, 197–98, 118 A. 600, 601 (1922); *Ex Parte Sturm,* 152 Md. 114, 124–25, 136 A. 312, 316 (1927); *Donner v. Calvert Distillers Corp.,* 196 Md. 475, 483, 77 A.2d 305, 307–8 (1950); *Sheets v. City of Hagerstown,* 204 Md. 113, 120, 102 A.2d 734, 736 (1954), *Winter v. Crowley,* 245 Md. 313, 226 A.2d 304, 306–07 (1967); *Tyler v. Baltimore County,* 256

Md. 64, 71, 259 A.2d 307, 310–11 (1969); *State v. Roll et al.*, 267 Md. 714, 728, 298 A.2d 867, 876 (1973).

Important to the resolution of this case is this Court's decision in *Tyler v. Baltimore Co., supra.* There, the issue was whether an order by the Circuit Court of Baltimore, granting summary judgment in favor of defendants that the plaintiff sought to have held in contempt of court for failing to issue a permit that the court had ordered issued, thus refusing to hold them in contempt, was appealable. Preliminarily, we explained that the predecessors to the current appeals statutes were enacted by the Legislature in response to *Ex Parte Sturm, supra,* in which this Court held that a judgment imposing a fine for criminal contempt was not appealable because there was no statute that specially authorized appeal, that abrogated the rule that there was no right of appellate review in contempt cases, and *Kelly v. Montebello Park Co., supra,* holding, for the same reason, that a party adjudged in constructive criminal contempt for violating a temporary injunction had no right to appeal. 256 Md. at 69–70, 259 A.2d at 310. As we have seen, aware of the difference between the types of contempt, we held that the two statutes providing for appeals in contempt cases "offer[ed] the only right in Maryland to appellate review in cases of either civil or criminal contempt," and then only to the contemnor, rather than the initiator of the proceeding. *Id.* at 70–71, 259 A.2d at 310.

It is quite interesting that, in reaching that holding, the Court discussed *Chambers v. State,* 3 Md.App. 642, 643, 240 A.2d 644 (1968). Commenting on its holding that there is no right of appellate review in contempt cases, civil or criminal, for which it relied on *Kelly v. Montebello Park Co., supra,* we pointed out:

"The actual holding in *Kelly* was not this broad. It held that the contempt there involved was criminal and that there had been no relaxation in Maryland of the rule that no appellate review was available in cases of criminal contempt. *Kelly* can be read to say that the common law rule is the Maryland rule and as engaging in a somewhat vague and rambling discussion not necessary to the holdings made that

generally there is more relaxation of the rule in cases of civil contempt than in criminal and that perhaps some cases of civil contempt might be reviewable in Maryland."

*Tyler v. Baltimore County,* 256 Md. at 70, 259 A.2d at 310. Thus, the breadth of the Court's holding with respect to the appealability of any contempt order was not inadvertent; it was quite deliberate.

■ Two principles, recently recalled and reiterated in *Blevins v. Baltimore County,* 352 Md. 620, 642, 724 A.2d 22, 33 (1999), are applicable to the resolution of this case. The first is that "the Legislature is presumed to be aware of the interpretation that this Court has placed upon its enactments." *Waddell v. Kirkpatrick,* 331 Md. 52, 60, 626 A.2d 353, 357 (1993). This Court, in *Tyler v. Baltimore County,* as indicated, interpreted the predecessors of § 12–304 as the sole source of the right to appeal in contempt cases, civil or criminal, just four years before the statutes were recodified. Moreover, as also indicated, the cases of this Court have differentiated between the types of contempt, the most recent before recodification being *State v. Roll et al., supra,* decided January 1973.

■ The second principle is that "a change in a statute as part of a general recodification will ordinarily not be deemed to modify the law unless the change is such that the intention of the Legislature to modify the law is unmistakable." *Duffy v. Conaway,* 295 Md. 242, 257, 455 A.2d 955 (1983); *In re Special Investigation No. 236,* 295 Md. 573, 458 A.2d 75 (1983). As we have seen, despite the interpretation given § 12–304's predecessors and the many cases in which this Court has discussed the difference between civil and criminal contempt, the law pertaining to the appeal of contempt cases was unchanged by Code Revision. *See* Revisor's Note to § 12–304, stating:

"In view of the broad language of § 12–301, the need for a special contempt appeal provision may be questioned. However, there is an unusual history with respect to appeals in contempt cases. At common law, the judgment of

the trial court in a contempt case was conclusive and not reviewable by any other tribunal in the absence of express statutory authority; *Kelly v. Montebello Park Co.*, 141 Md. 194, 118 A. 600 (1922). It was not until after *Kelly* had been reaffirmed in *Ex Parte Sturm*, 152 Md. 114, 136 A. 312 (1927) that Maryland adopted the predecessor of Art. 5, § 18; see Ch. 357, Laws of 1927. In view of this historical situation, it is thought wise to retain an express authority for appeals in contempt cases."

Two decisions of the Court of Special Appeals, subsequent to recodification, support this proposition. *See Becker v. Becker*, 29 Md.App. 339, 345, 347 A.2d 911, 915 (1975); (*"Tyler* makes it vividly clear that in this State only those adjudged in contempt have the right to appellate review. The right of appeal in contempt cases is not available to the party who unsuccessfully sought to have another's conduct adjudged to be contemptuous.") *Kemp v. Kemp*, 42 Md.App. 90, 101, 399 A.2d 923, 930 (1979) ("It is clear that under Courts Art. § 12–304(a), the right of appeal in contempt cases is not available to the party who unsuccessfully sought to have the other adjudged in contempt.").

## IV.

We also reject the respondent's alternate argument, grounded in the rationale ultimately adopted by the Court of Special Appeals, that the appeal was authorized because it was closely intertwined with the declaratory judgment and permanent injunction, which the petitioner appealed. That rationale is based on dicta in *Tyler v. Baltimore County, supra.* Having concluded that the respondent in that case had no right of appeal, the Court observed:

"There may be occasional instances in which the order imposing the punishment for civil contempt or refusing to impose the order for civil contempt is so much a part of or so closely intertwined with a judgment or decree which is appealable as to be reviewable on appeal as part of or in connection with the main judgment, as in *Williamson v. Carnan*, 1 G. & J. 184, and *Longley v. McGeoch*, 115 Md.

182, 80 A. 843 (in which no point was made as to the right to appeal; *cf. Emergency Hospital v. Stevens,* 146 Md. 159, 164–165, 126 A. 101)."

*Tyler v. Baltimore County,* 256 Md. at 71, 259 A.2d at 311.

To say that two orders or judgments are closely intertwined does not make it so. In the case sub judice, such a statement is, in fact, belied by the actions of the Court of Special Appeals in ruling on the respondent's motion to consolidate the petitioner's appeal of the declaratory judgment and injunction with its appeal of the dismissal of its contempt petition. To put it quite plainly, we are hard pressed to understand, in light of its denial of the respondent's motion to consolidate the appeals, how the intermediate appellate court could have reached such a conclusion.[8] Indeed, the intermediate appellate court all but conceded that the cases were not connected, stating, "[W]e denied that motion [the respondent's motion to consolidate the appeals] but, had it been granted, the contempt proceeding *would have been* "intertwined" with the injunction case then pending in this Court." *Howard County v. The Pack Shack,* 138 Md.App. at 742, 773 A.2d at 625 (internal citations omitted, emphasis added). Thus, we do not agree with the respondent's assertion, and the Court of Special Appeals' conclusion, that the ruling in the contempt pro-

---

**8.** Maryland Rule 2–503, although applicable to trial consolidations, provides a valid analogy. It provides:

"(1) When permitted.—When actions involve a common question of law or fact or a common subject matter, the court, on motion or on its own initiative, may order a joint hearing or trial or consolidation of any or all of the claims, issues, or actions. An action instituted in the District Court may be consolidated with an action pending in a circuit court under the circumstances described in Code, Courts Article, § 6–104(b). The court may enter any order regulating the proceeding, including the filing and serving of papers, that will tend to avoid unnecessary costs or delay."

At the very least, to be intertwined, not to mention closely so, the matters must qualify for consolidation. Here, the contempt action and the declaratory judgment share subject matter, the zoning regulations being at the center of each. The issues—the questions of law and fact— in the two cases, however, are decidedly different.

ceeding and the judgment in the declaratory judgment action were closely intertwined at all.

None of the cases on which the *Tyler* Court relied is applicable to the situation *sub judice.* In each, the appealing party was the person that had been adjudged in contempt and, in each, there was a separate final judgment as to which there was no dispute the contempt finding was closely related and intertwined. In *Williamson v. Carnan,* it was the defendant who sought to appeal a contempt order entered against him and the appeal was allowed because the result of a separate appeal of the injunction out of which the contempt order arose, would determine whether the defendant should have been held in contempt in the first instance. 1 G. & J. 184 (1829). *Longley v. McGeoch,* 115 Md. 182, 80 A. 843 (1911) and *Emergency Hospital v. Stevens,* 146 Md. 159, 126 A. 101 (1924), are to similar effect.

In any event, the continued vitality of this exception, which was a very narrow one to begin with, is highly doubtful. Although we need not reach that issue here, because we have concluded that the contempt ruling and the declaratory judgment are not closely intertwined, that exception very likely would not apply when the appeal is filed by a person who was not held in contempt, however closely related and intertwined it is with other orders or judgments also pending appeal. *Tyler* simply does not support affording the losing party to a contempt action the right of appeal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY HOWARD COUNTY.*