919 A.2d 632

Alvin G. PYE

v.

STATE of Maryland.

Darryl Womack

v.

State of Maryland.

Davon Teel

v.

State of Maryland.

Nos. 113, 114 and 123 Sept. Term, 2004.

Court of Appeals of Maryland.

March 19, 2007.

Michael R. Malloy, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, MD, for Petitioners in Nos. 113 and 114 Sept. Term, 2004.

Brian L. Zavin, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, MD, for Petitioner in No. 123 Sept. Term, 2004.

Shannon E. Avery, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, MD, for Respondent.

Argued Before BELL, C.J., RAKER, WILNER,* CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BELL, Chief Judge.

In this opinion, we will resolve three cases, *Teel v. State,* (No. 123), *Womack v. State,* (No. 114), and *Pye v. State,* (No. 113). With one exception, all three cases address essentially the same legal issue and involve essentially the same argument with respect to the merger of certain handgun related offenses. The issue that the three cases have in common, as we have restated it, is:

> Whether our holding in *Frazier v. State,* 318 Md. 597, 569 A.2d 684 (1990), that the offenses of carrying a handgun and possession of a firearm by a convicted person do not merge, is still viable, even though, subsequent to that decision, the

---

* Wilner, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

General Assembly increased the penalties associated with the crime of possession of a firearm by a convicted person.

Because the General Assembly is presumed to have been aware of our holding in *Frazier* when it enacted legislation to increase penalties for possession of a firearm by a convicted person, we conclude that it is still viable.

The exception is the second issue, presented only in *Pye, supra:*

"Did the trial judge err in denying [Pye's] motions to dismiss and acquit by sentencing him to a five year no parole sentence for possession of a firearm by a person with a prior conviction under Article 27, § 449(e) where [Pye] previously had been convicted of a felony[,] but not a crime of violence?"

Concluding that § 449(e) requires an individual to have been previously convicted of a crime or crimes that were both a felony *and* a crime of violence, *see Stanley v. State*, 390 Md. 175, 887 A.2d 1078 (2005), we answer that question in the affirmative. Accordingly, we shall hold that the trial judge erred as a matter of law by denying Pye's motion for judgment of acquittal.

## I.

In *Teel, Womack*, and *Pye*, the petitioners were convicted of wearing, carrying, or transporting a handgun in violation of Maryland Code (1957, 1996 Repl. Vol., 2001 Cum. Supp.) Article 27, § 36B [1] and of possession of a firearm in violation

---

**1.** Maryland Code (1957, 1996 Repl. Vol., 2001 Cum. Supp.), Article 27, § 36B reads, in relevant part:

"(b) *Unlawful wearing, carrying, or transporting of handguns; penalties.*—Any person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open, in any vehicle traveling upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public in this State shall be guilty of a misdemeanor; and it shall be a rebuttable presumption that the person is knowingly transporting the handgun. . . ."

of Maryland Code (1957, 1996 Repl. Vol., 2001 Cum. Supp.), Article 27, § 445(d).[2]

## II.

 The facts in these cases are not in dispute. Thus, the issues we address are purely legal questions. Therefore, we shall review the judgments *de novo, Cox v. State,* 397 Md. 200, 210–11, 916 A.2d 311, 317 (2007); *State v. Rucker,* 374 Md. 199, 207, 821 A.2d 439, 444 (2003); *Carter v. State,* 367 Md. 447, 457, 788 A.2d 646, 651 (2002); the trial courts' express interpretation of the law enjoys no presumption of correctness.

## III.

### *Teel v. State*[3]

In *Frazier v. State,* 318 Md. 597, 569 A.2d 684 (1990), officers assigned to the Drug Enforcement Unit of the Balti-

---

The current version of § 36B, which is substantially unchanged, is found at Maryland Code (2002), § 4–203 of the Criminal Law Article.

**2.** Maryland Code (1957, 1996 Repl. Vol., 2001 Cum. Supp.), Article 27, § 445(d):
 *"Restrictions on possession—In general.*—A person may not possess a regulated firearm if the person:
 "(1) Has been convicted of:
 "(i) A crime of violence;
 "(ii) Any violation classified as a felony in this State;
 "(iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years; or
 "(iv) Any violation classified as a common law offense where the person received a term of imprisonment of more than 2 years."
 The current, substantially unchanged version of § 445(d) is found at Maryland Code (2002), § 5–133(c)(1) of the Public Safety Article.

**3.** Early one morning, a Baltimore City police officer observed Teel running out of an alley in a high crime area. The officer followed him to the rear of a residence where he saw Teel reach in his "dip" (the area around the waist where one might conceal a weapon), remove a handgun, and place it on the ground. The officer retrieved the handgun and found suspected cocaine beneath the gun. The gun proved to be operable. It was stipulated that, previously, Teel had been convicted of an offense that prohibited him from possessing a handgun in the

more City Police Department, while proceeding to execute a warrant for an apartment on the second floor of an apartment building, encountered Frazier sitting on the front stoop of the building. When they approached, Frazier "jumped up[,]" reached into his waistband, produced a revolver, and began moving back into the building. *Id.* at 602, 569 A.2d at 686–687. The officers wrestled the gun away from Frazier and arrested him. Because he previously had been convicted of attempted robbery with a deadly weapon, a crime of violence, *see* § 441(e),[4] Frazier was charged with wearing, carrying, and transporting a handgun, in violation of Maryland Code (1957, 1987 Repl. Vol.) Article 27, § 36B (b), and possession of a handgun after being convicted of a crime of violence, in violation of § 445(c).[5] He was convicted of both offenses and sentenced.

On certiorari to this Court, Frazier presented, inter alia, the following issue:

"Must the convictions and sentences for wearing, carrying, or transporting a handgun and for possessing a pistol or

---

State. He was charged, tried, convicted and sentenced to consecutive sentences, i.e., five years imprisonment without parole for possession of a firearm by a convicted person and three years for wearing, carrying, or transporting a handgun. Teel was acquitted of the drug charge. He appealed his convictions to the Court of Special Appeals on the remaining charges. In an unreported opinion, the Court of Special Appeals rejected Teel's argument that the trial judge erred by failing to merge the convictions. That court affirmed his convictions based, in part, on the holding in *Frazier v. State,* 318 Md. 597, 569 A.2d 684 (1990). We granted certiorari. *Teel v. State,* 384 Md. 581, 865 A.2d 589 (2005).

**4.** Md. Code (1957, 1987 Repl. Vol.) Article 27, § 441(e) defined "crime of violence" to include "robbery; robbery with a deadly weapon," and an attempt to commit those offenses.

Robbery with a deadly weapon also is a felony, *see, e.g., Eldridge v. State,* 329 Md. 307, 311, 619 A.2d 531, 533 (1993) (noting that while Md. Code (1957, 1992 Repl. Vol.) Art. 27, § 486 authorizes the punishment for the common law felony of robbery, § 488 provides for a harsher punishment when the robbery is with a deadly weapon).

**5.** Section 445(c) provided:

"It shall be unlawful for any person who has been convicted of a crime of violence ... to possess a pistol or revolver."

revolver by a person who has been convicted of a crime of violence be merged?"

*Frazier,* 318 Md. at 604, 569 A.2d at 688. We answered that question in the negative, holding:

"It is significant that the Legislature did not amend or supersede Article 27, § 445(c). So, even if offenses are deemed the same under the required evidence test, the Legislature may punish certain conduct more severely if particular aggravating circumstances are present, by imposing punishment under two separate statutory offenses. *See Newton v. State,* 280 Md. 260, 274 n. 4, 373 A.2d 262[, 270 n. 4] (1977). The Legislature's concern about the possession of a handgun, and its additional concern about the aggravating circumstance of the handgun being possessed by a person who has been convicted of a crime of violence, is not unreasonable.... We hold that the two offenses of which Frazier was convicted do not merge."

*Id.* at 614–615, 569 A.2d at 693.

More significant for our purposes, however, is the reasoning underlying that holding. After noting the "general rule for determining whether two criminal violations, treated separately under the statutory provisions, should be deemed the same when both violations are based on the same transaction," *i.e.* the "required evidence" test, *see Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and discussing its application, *id.* at 612–13, 569 A.2d at 692, the Court pointed out that it was not the only test, that " '[t]he imposition of multiple punishment ... is often particularly dependent upon the intent of the Legislature.' " *Id.* at 613, 569 A.2d at 692, *quoting Whack v. State,* 288 Md. 137, 143, 416 A.2d 265, 268 (1980), *appeal dismissed and cert. denied,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981). Turning to the statutes then at issue, the Court observed:

"When it enacted the handgun control statute, Ch. 13 of the Acts of 1972, Art. 27, §§ 36B–36F, the Legislature specifically addressed the matter of other statutes encompassing handguns, and it indicated its intent as to which of those

other statutes should no longer cover the use of handguns. Thus, prior to 1972, Art. 27, § 36, had proscribed the carrying of concealed weapons and the carrying or wearing of weapons openly with intent to injure, including handguns. Also prior to 1972, Art. 27, § 36A, had provided a maximum penalty of three years' imprisonment for carrying 'any ... deadly weapon of any kind' on public school property. Finally, prior to 1972, there was local legislation regulating and penalizing certain uses of handguns. In the handgun control act of 1972, the Legislature dealt with the above-described statutory provisions, so as to prohibit the pyramiding of penalties under both the existing law and the new law for the unlawful use of a handgun. It amended Art. 27, § 36, to expressly delete handguns from the coverage of the concealed weapons statute (Ch. 13, § 1, of the Acts of 1972). It further amended Art. 27, § 36A, to provide that where the weapon carried on public school property is a handgun, the penalty provisions of § 36A do not apply, but instead, the offender shall be sentenced in accordance with the penalty provisions of the new statute (Ch. 13, § 2, of the Acts of 1972). Lastly, with respect to local legislation regulating handguns, the Legislature stated (Ch. 13, § 6, of the Acts of 1972):

> '[A]ll restrictions imposed by the law, ordinances, or regulations of the political subdivisions on the wearing, carrying, or transporting of handguns are superseded by this Act, and the State of Maryland hereby preempts the right of the political subdivisions to regulate said matters.' "

*Id.* at 613–14, 569 A.2d at 692–93, *citing Whack*, 288 Md. at 145–46, 416 A.2d at 269 (footnote omitted). Emphasizing the point, the Court concluded: " 'in enacting the handgun act,[6] the Legislature was concerned with the matter of duplicative legislation. Where it desired no duplication, it specifically amended or superseded those other statutes.' " *Id., quoting Whack*, 288 Md. at 147, 416 A.2d at 270.

---

6. The 1972 Handgun Control Act (Chapter 13 of the Acts of 1972).

Teel argues that the present case is different from *Frazier*. He relies primarily on the fact that, since *Frazier*, the General Assembly has greatly "increased the penalty for possession of a firearm by a convicted person." Pointing to the Maryland Gun Violence Act of 1996 [7] and the Responsible Gun Safety Act of 2000, [8] Teel submits that "the amendments to the firearms statute since 1990 have drastically altered the landscape upon which the issue of merger must be examined. . . . Merger of carrying a handgun and possession of a firearm by a convicted person should now be required as a matter of course." More particularly, he argues:

"With respect to the amendments to Article 27, § 449, however, the Legislature did not include language specifically authorizing cumulative sentences for possession of a firearm by a convicted person and the lesser offense of carrying a handgun.

"At best, the failure of the General Assembly to expressly address the issue of merger when it increased the punishment for possession of a firearm by a convicted person makes its intentions unclear. But this would weigh in favor of merger, not against it. . . . "

We disagree. The legislative acts on which the petitioner relies were re-codifications of the relevant general provisions relating to the illegal use of weapons. We said in *Pack Shack v. Howard County*, 371 Md. 243, 257, 808 A.2d 795, 803 (2002), that " 'a change in a statute as part of a general re-codification will ordinarily not be deemed to modify the law unless the change is such that the intention of the Legislature to modify the law is unmistakable' " (*quoting Duffy v. Conaway*, 295 Md. 242, 257, 455 A.2d 955, 962 (1983)).

---

7. Chapter 562 of the Acts of 1996 (repealing Article 27, § 448, which provided for a three year sentence and adopting § 449(e), which provided for a five year sentence, in its place).

8. Chapter 2 of the Acts of 2000 (amending § 449(e) to require that a person sentenced under that provision receive not less than five years without the possibility of a suspended sentence or eligibility for parole during those five years).

There is no indication in the Acts that the General Assembly intended to modify the holding in *Frazier* when it enacted the 1996 and 2000 Acts relating to the use of weapons. The contrary would appear to be more likely. Thus *Frazier*, which we decline to overrule, is controlling. In *Frazier*, as we have indicated, we held that "[w]here [the General Assembly] desired no duplication, it specifically amended or superseded those other statutes." 318 Md. at 614, 569 A.2d at 693 (*quoting Whack*, 288 Md. at 146, 416 A.2d at 270). Since *Frazier* only increases in the permissible sentences for certain offenses have been enacted by the General Assembly, which also has further limited the transferability of certain weapons and imposed additional requirements on dealers. In neither of the codifications at issue here was reference specifically made to avoidance of duplication. In neither of the two statutory modifications, has the General Assembly indicated that duplicative sentences under separate statutory offenses, arising out of one incident involving handguns, are to be avoided.

The General Assembly is presumed to be aware of our decisions. We recently stated in *Plein v. Department of Labor*, 369 Md. 421, 437, 800 A.2d 757, 767 (2002), that:

"On the other hand, consistent with the Legislature's awareness of our cases, we have been reluctant to overrule our prior decisions where it is likely that the Legislature, by its inaction, indicates its adoption, or at least acceptance, of the interpretation reflected in the opinion announcing the decision...."

This principle was also expressed in *Jones v. State*, 362 Md. 331, 337–38, 765 A.2d 127, 130–31 (2001), in which this Court observed:

" 'The General Assembly is presumed to be aware of this Court's interpretation of its enactments and, if such interpretation is not legislatively overturned, to have acquiesced in that interpretation. This presumption is particularly strong whenever, after statutory language has been interpreted by this Court, the Legislature re-enacts the statute without changing in substance the language at issue. Un-

der these circumstances, it is particularly inappropriate to depart from the principle of stare decisis and overrule our prior interpretation of the statute.' "
(*quoting Williams v. State,* 292 Md. 201, 210, 438 A.2d 1301, 1305 (1981) (citations omitted)); *Pack Shack,* 371 Md. at 257, 808 A.2d at 803 (General Assembly is presumed to have knowledge of this Court's interpretation of its enactments). *See also Schaeffer v. Anne Arundel County,* 338 Md. 75, 87, 656 A.2d 751, 757 (1995) (General Assembly is presumed to have knowledge of this Court's cases prior to proposing an amendment to the State Constitution); *Maryland Classified Employees Association, Inc. v. Schaefer,* 325 Md. 19, 34, 599 A.2d 91, 98 (1991) (General Assembly is presumed to have knowledge of an agency's interpretations of its enactments).

■ The General Assembly is presumed to have had full knowledge of our holding in *Frazier* when it enacted the legislation on which Teel relies. Therefore, had the General Assembly wanted to avoid duplication with respect to handgun sentences arising out of a single incident, it certainly could have, and we believe would have, included in that legislation a provision prohibiting such sentences. It did not do so. Nothing but the passage of time and the legislation on which the petitioner's argument depends, which simply increased the penalty, have occurred since *Frazier.* As Judge Deborah Eyler correctly pointed out for the Court of Special Appeals: "The point of reference for legislative intent in *Johnson [v. State,* 154 Md.App. 286, 839 A.2d 769 (2003),] was, as in *Frazier* and *Whack,* the 1972 Handgun Control Act and the legislature's concern with the 'increased use of handguns in the commission of crimes.' That point of reference is not changed...." (Citations omitted.)

The General Assembly has not seen fit to modify this Court's interpretation of the statutes at issue in *Frazier,* even though it has twice addressed similar issues. Rather than inserting a provision prohibiting duplicative sentencing, which it could have done in either of the subject enactments, 1996 or 2000, on which Teel relies, it simply increased the permitted sentences.

Moreover, and perhaps as important, it is most unlikely that the General Assembly would promulgate, on the one hand, a statutory scheme designed, in part, to increase sentences, while, on the other hand, and at the same time, intending that the doctrine of merger would apply and, thereby, reduce the total sentences. The legislature's actions in enacting the 1996 and 2000 legislation are consistent with our holding in *Frazier,* which we reaffirm.[9] Accordingly, we affirm the judgment of the Court of Special Appeals.

### *Womack v. State*[10]

Womack was convicted and sentenced under the same statutory scheme as applied in *Teel.* One of his convictions was pursuant to § 445(d)(1)(iii),[11] possessing a regulated firearm, having been convicted of a "violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years," and the other was pursuant to § 36B (c). Lamenting the Court of Special Appeals' rejection of his "contention that he could not be convicted for both transport-

---

**9.** The State argues that, applying the required evidence test, § 445(d) and § 36B (b) contain an element that the other does not. As we hold that *Frazier* controls, it is not necessary that w e address or resolve that issue.

**10.** Womack was convicted of transporting a handgun, transporting a handgun in a vehicle, and possession of a handgun after conviction of a misdemeanor carrying a sentence of two years or more. These convictions were based on evidence that a handgun was found on the floor of the backseat of the vehicle Womack was driving. He was sentenced to six years (three years suspended, followed by two years probation) for transporting a handgun, three years to run concurrently for transporting a handgun in a vehicle, and three years to run concurrently for possession of a handgun after conviction of a misdemeanor carrying a sentence of two years or more. In an unreported opinion, the Court of Special Appeals, affirmed the sentences and convictions, but merged the sentences for transporting a handgun. We granted Womack's petition for writ of certiorari. *Womack v. State,* 384 Md. 449, 863 A.2d 997 (2004).

**11.** The sentence provision for § 445(d)(1)(iii) was found in § 449(f); a person convicted of violating that crime could receive a fine not to exceed $10, 000 or imprisonment not to exceed five years.

ing a handgun and possession of a firearm by a person previously convicted of a misdemeanor," he presents a single argument to this Court:

"[Whether the] Court of Special Appeals erred by ruling that [Womack] could be convicted of carrying a handgun as well as possession of a firearm by a person previously convicted of a misdemeanor carrying a statutory penalty of more than two years."

After discussing the relatively similar chronological history of the statutes in this case and those in the companion cases, the petitioner makes a similar argument to that made in those cases:

"The legislature clearly intended not to allow convictions for both carrying a handgun and possession of a firearm by a misdemeanant. When the General Assembly included persons previously convicted of certain misdemeanors in § 445, the legislators were aware of this Court's 1990 decision in *Frazier v. State, supra*. They could foresee that the problem of whether persons could be convicted of both crimes would arise. They knew that, if they wanted to allow punishments for both crimes, they should say so in the statute. They failed to do so. Therefore, it is apparent that they did not intend to allow dual punishment for carrying a handgun and possession of a firearm by a misdemeanant."

For the same reasons stated in *Teel, supra*, we reject that argument. The judgment of the Court of Special Appeals is affirmed.

*Pye v. State*[12]

A.

As mentioned above, Pye presents two issues for our review. The first is the same one presented in both *Teel, supra,* and *Womack, supra:*

"Should this Court's prior decision in *Frazier v. State*, that carrying a handgun does not merge into possession of a

---

12. A police detective responded to a hospital where Pye was being treated for a gunshot wound. Pye informed the detective that he had a

firearm by a convicted person be inapplicable to the instant case because the General Assembly has greatly increased the penalty for possession of a firearm by a convicted person since the *Frazier* ruling?"

We resolve it in the same way that we resolved the issue in the prior cases: for the reasons stated in *Teel, supra,* we answer the above question in the negative.

## B.

The additional issue Pye presents for our consideration is:

"Did the trial judge err in denying [Pye's] motions to dismiss and to acquit and by sentencing him to a five year no parole sentence for possession of a firearm by a person with a prior conviction under Article 27, § 449(e) where [Pye] previously had been convicted of a felony but not a crime of violence?"

Its answer depends upon the interpretation of § 449 in an attempt to determine whether §§ 445 and 449(e) require a prior conviction of both a crime of violence and a crime of felony, or whether a conviction of one or the other, but not both, will suffice.

The petitioner was charged with possessing a firearm after having previously been convicted of a felony narcotic viola-tion.[13] He moved, prior to trial, to dismiss that charge. He

---

handgun in his car. The weapon was seized from under the passenger seat along with a small amount of marijuana from an ashtray. Pye was then 19 years of age. He was arrested, tried, and convicted. As relevant to the issues in this case, he was sentenced to five years without the possibility of parole for possession of a firearm by a person with a prior criminal conviction and to three years to run concurrently for the conviction of wearing, carrying, or transporting a handgun in a vehicle. Pye appealed his convictions to the Court of Special Appeals which, in an unreported opinion, affirmed his convictions and sen-tences. This Court granted certiorari to address the two issues above. *Pye v. State,* 384 Md. 448, 863 A.2d 997 (2004).

**13.** The first count of the indictment against Pye charged, in relevant part:

argued that such a conviction required proof of conviction of both a felony and a crime. The trial court reserved its ruling on the issue. At the close of evidence, Pye, making the same argument, moved for judgment of acquittal as to that count.

The trial court denied the motion for judgment of acquittal, stating:

> "All right, for the reasons [ ] this Court has stated previously on the record, [ ], there is no need for the State to prove a conviction [ ], for a crime of violence and for that reason, as well as the court's reasons with respect to the reservation of 445(c) instead of 445(d), the Court is denying the motion for [a]cquittal. . . ."

The trial court then instructed the jury that the parties "have stipulated that the defendant has been convicted previously of an offense which conviction prohibits him from possessing a handgun." [14]

Section 449(e), the statute under which Pye was sentenced after being convicted of the first count, provides:

> "(e) *Illegal possession of firearm with certain previous convictions.*—A person who was previously convicted of a crime of violence as defined in § 441(e) of this article or convicted of a violation of § 286 or § 286A of this article, and who is in illegal possession of a firearm as defined in § 445(d)(1)(i) *and* (ii) of this article, is guilty of a felony and upon conviction shall be imprisoned for not less than 5 years, no part of which may be suspended and the person may not be eligible for parole. Each violation shall be considered a separate offense."

---

"[T]he above named DEFENDANT . . . ., having been CONVICTED of a NARCOTIC VIOLATION under Article 27 Section 286 or 286A or 286 C of the Annotated code of Maryland, to wit: *Possession with intent to Distribute Controlled Dangerous Substance, under Baltimore City Circuit Court Case # 200067065 on or about January 11, 2000,* did unlawfully POSSESS .357 *Magnum* in violation of Article 27, Section 445c(1)(iii) of the Annotated Code of Maryland."

**14.** No issue is presented in this case in respect to the instruction's use of the term "stipulated."

Art. 27, § 449(e) (emphasis added). Section 445(d)(1)(i) and (ii), which § 449(e) references, provide, in relevant part:

"(d) *Restrictions on possession—In general.*—A person may not possess a regulated firearm if the person:

"(1) Has been convicted of:

"(i) A crime of violence; [or]

"(ii) Any violation classified as a felony in this State[.] . . ."

The State argues that the language of (d)(1)(i) and (ii) controls. We disagree.

We recently were confronted with the same issue in *Stanley v. State,* 390 Md. 175, 887 A.2d 1078 (2005); namely, whether a person must be convicted of both a crime of violence and a felony in order to be subjected to an enhanced sentence. We held that the word "and" in § 449(e) (emphasized in the quote of that subsection) controls because it requires that convictions for a prior offense or offenses must be both a crime of violence and a felony. As we stated in *Stanley:*

"We agree with the petitioner and with Judge Davis, § 449(e) is clear and unambiguous. By its clear and explicit terms, to be subjected to the enhanced penalty it prescribes, a person must be in 'illegal possession of a firearm . . .' *and* been convicted previously of a crime of violence . . . or been convicted of certain enumerated drug related offenses.

'Section 449(e), by its plain structure, is divided into two requirements. The first requirement is that the defendant have a previous conviction of a crime that falls within § 441(e). The second requirement is that the defendant have a current conviction under § 445(d)(i) and (ii).'

"The definition of the illegal possession targeted for purposes of this statute-there are two other proscribed possessions listed in § 445(d)—consists of two elements and is stated in the conjunctive. Consequently, both elements must be met; it is not sufficient if only one is present. That means, since the definition includes a crime of violence *and* 'any violation classified as a felony in this State,' that a conviction of both, not just one, must be established. . . ."

*Stanley*, 390 Md. at 183, 887 A.2d at 1082–83 (emphasis added) (citations omitted) (footnote omitted).

In the case *sub judice*, "[t]he State agree[d] that the question in the present case is the same as that presented in *Stanley v. State*, 157 Md.App. 363, 851 A.2d 612, [*cert. granted*], 383 Md. 256, 858 A.2d 1017, ... argued on January 11, 2005." Accordingly, our holding in *Stanley* controls and we answer the question posed by Pye in the affirmative. The trial court should have granted the motion for judgment of acquittal with respect to the first count. Thus, we reverse Pye's conviction for possession of a firearm by a person with a previous conviction and vacate that sentence.[15]

## IV.

For the foregoing reasons, we hold that the offenses of carrying a handgun and possession of a firearm by a convicted person do not merge. We also hold that, under *Stanley*, a person sentenced under Article 27, § 449(e) must have been convicted of a crime or crimes that are both crimes of violence and also felonies in order to receive the mandatory minimum sentence provided therein.

IN CASE 123, JUDGMENT AFFIRMED. COSTS TO BE PAID BY TEEL. IN CASE 114, JUDGMENT AFFIRMED, COSTS TO BE PAID BY WOMACK. IN CASE 113, JUDGMENT REVERSED AS TO THE FIRST COUNT AND THE SENTENCE ON THAT COUNT IS VACATED. JUDGMENT, IN CASE 113, OTHERWISE AFFIRMED. COSTS IN CASE 113, TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

---

**15.** Because of our holding on the *Frazier* issue, the two sentences that were not merged by the *Pye* trial court into the first count did not merge by operation of law into that first count. Accordingly, even though we reverse the conviction and vacate the sentence in respect to that first count, the other sentences are not affected by the reversal of Count I. They are a three year concurrent sentence for wearing, carrying, or transporting a handgun in a vehicle and a one year consecutive sentence for possession of marijuana.