804 A.2d 426

## Thomas Edward GILLESPIE

v.

## STATE of Maryland.

No. 119, Sept. Term, 2001.

Court of Appeals of Maryland.

Aug. 7, 2002.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Annabelle L. Lisic, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of MD, on brief), Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

RAKER, Judge.

Thomas Edward Gillespie, petitioner, was convicted in the Circuit Court for St. Mary's County of threatening a State official in violation of Maryland Code (1957, 1996 Repl.Vol., 2001 Supp.) Article 27, § 561A. In this case we are asked to decide whether an assistant state's attorney is a State official under the statute.[1] We shall hold that an assistant state's attorney is not a State official, as defined by § 561A. Accordingly, we shall reverse.

---

1. Unless otherwise indicated, all subsequent statutory references to § 561A are references to Maryland Code (1957, 1996 Repl.Vol., 2001 Supp.) Art. 27, § 561A.

## I.

On March 12, 2001, petitioner appeared in the Circuit Court for St. Mary's County for a bail review hearing on a pending violation of probation. After the assistant state's attorney for St. Mary's County informed the court of petitioner's criminal record, the court ordered him held without bond. While Corporal Donna Rustin, a correctional officer, was escorting petitioner to the holding area, petitioner stated, "I'm going to kill him." When Corporal Rustin asked whether petitioner was referring to the judge, petitioner responded that he was referring to the assistant state's attorney. Petitioner then stated, "When I get out I will kill him. He didn't have to pull my record out and show the judge!"

The State filed a statement of charges in the District Court of Maryland alleging that petitioner had threatened a State official in violation of Article 27, § 561A. Petitioner was convicted in the District Court of Maryland and noted a timely appeal to the Circuit Court pursuant to Maryland Code (1957, 1998 Repl.Vol., 2001 Supp.) § 12–401(c)(1) of the Courts and Judicial Proceedings Article. On November 27, 2001, the Circuit Court, sitting without a jury, found petitioner guilty of threatening a State official in violation of § 561A and sentenced him to a term of incarceration of one year, six months suspended, with six months probation upon release. We granted certiorari to answer the question of whether an assistant state's attorney is a State official for purposes of § 561A. *Gillespie v. State,* 367 Md. 722, 790 A.2d 673 (2002).

## II.

The question whether an assistant state's attorney is a State official for the purposes of § 561A is one of statutory interpretation. We have often stated that the paramount rule of statutory construction is to ascertain and effectuate the intent of the legislature. *See, e.g., Derry v. State,* 358 Md.

325, 335, 748 A.2d 478, 483 (2000). The starting point in the first instance is the plain language of the statute. *See Harris v. State,* 353 Md. 596, 606, 728 A.2d 180, 184 (1999); *Marriott Employees Federal Credit Union v. MVA,* 346 Md. 437, 444–45, 697 A.2d 455, 458 (1997). We view the words of a statute in ordinary terms, in their natural meaning, in the manner in which they are most commonly understood. *See Whiting–Turner Contracting Co. v. Fitzpatrick,* 366 Md. 295, 783 A.2d 667 (2001). If the words of a statute are clear and unambiguous, our inquiry ordinarily ends and we need investigate no further, but simply apply the statute as it reads. *Id.* at 301, 783 A.2d at 670. We neither add nor delete words to an unambiguous statute in an attempt to extend the statute's meaning. *Id.* at 302, 783 A.2d at 671. We interpret statutes to give every word effect, avoiding constructions that render any portion of the language superfluous or redundant. *See Blondell v. Baltimore City Police Department,* 341 Md. 680, 691, 672 A.2d 639, 644–45 (1996); N. Singer, *Sutherland Statutory Construction* § 46.06 (5th ed. 1992 & Supp.1995). This Court has also applied the principle of *"inclusio unius est exclusion alterious,"* the expression of one thing is the exclusion of another, to the interpretation of statutes. *See Dodds v. Shamer,* 339 Md. 540, 554, 663 A.2d 1318, 1325 (1995).

### III.

Article 27, § 561A, the statute at issue in the case before us, provides as follows:

"(a) Definitions.—

(1) In this section the following words have the meanings indicated.

(2) 'Local official' means an individual serving in a publicly elected office of a local government unit, as defined in § 10–101(d) of the State Government Article.

(3)(i) *'State official' means a State official as defined in § 15–102 of the State Government Article.*

(ii) 'State official' includes the Governor, Governor-elect, Lieutenant Governor, and Lieutenant Governor-elect.

(4) 'Threat' includes:

(i) A verbal threat; or

(ii) A threat in any written form, whether or not the writing is signed, or if it is signed whether or not the writing is signed with a fictitious name or any other mark.

(b) Threats generally.—A person may not knowingly and willfully make a threat to take the life of, kidnap, or inflict bodily harm upon a State or local official.

(c) Sending or delivering threats.—A person may not knowingly send, deliver, part with the possession of, or make for the purpose of sending or delivering a threat prohibited under subsection (b) of this section.

(d) Penalty.—A person who violates any provision of this section is guilty of a misdemeanor and upon conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $2,500 or both."

(Emphasis added).

We must decide whether an assistant state's attorney is a State official under § 561A. Subsection 561A(a)(3)(1) states that a "State official" means a State official as defined in Maryland Code (1957, 1999 Repl.Vol., 2001 Supp.) § 15–102(*ll*) of the State Government Article, a subsection of the Maryland Public Ethics Law. Section 15–102 defines "State official" as follows:

"(*ll*) *State official.*—'State official' means:

(1) a constitutional officer or officer-elect in an executive unit;

(2) a member or member-elect of the General Assembly;

(3) a judge or judge-elect of a court under Article IV, § 1 of the Constitution;

(4) a judicial appointee as defined in Maryland Rule 16–814;

(5) a State's Attorney;

(6) a clerk of the circuit court;

(7) a register of wills;  or

(8) a sheriff."

The plain language of § 15–102(*ll*)(5) states that "*a* State's Attorney" is a State official (emphasis added).  "A" is singular, not plural.  This language suggests that the Legislature meant to refer to a single official, not the official and all of that official's appointees.

The State urges that an assistant state's attorney is a "constitutional officer" under § 15–102(*ll*)(1).  Under this construction of the statute, however, § 15–102(*ll*)(5) would be superfluous;  the statute would protect a State's Attorney under both § 15–102(*ll*)(1) and § 15–102(*ll*)(5).  Such an interpretation is contrary to this Court's long-standing practice of interpreting statutes to give every word effect and avoid constructions that render any portion of the language superfluous or redundant.  *Blondell v. Baltimore City Police Dept.,* 341 Md. 680, 691, 672 A.2d 639, 644–45 (1996).

We are unpersuaded by the State's argument that *Rucker v. Harford County,* 316 Md. 275, 558 A.2d 399 (1989), is determinative in the case before us.  Rucker, a civilian bystander, was shot after a car chase involving Harford County Sheriffs and Maryland State Police.  He filed suit against the County and State officers in the United States District Court for the District of Maryland.  The Deputy Sheriffs moved to dismiss a portion of the complaint on the basis that any suit against them in their official capacities was barred by the Eleventh Amendment because they were State employees or officials.  The District Court certified the following two questions to this Court:

"1.  Whether the Sheriff or Deputy Sheriffs of Harford County are employees of the State of Maryland or of Harford County?

2. Whether Harford County or the State of Maryland is obligated to fund the expenses associated with claims for liability involving the Harford County Sheriff, the Deputy Sheriffs or the Sheriff's office, including the cost of liability insurance, the costs of defending suits brought against them and the payment of any settlements and judgment?"

*Id.* at 277–78, 558 A.2d at 400.

The issue in *Rucker*, then, was whether, for the purpose of determining civil liability, the Sheriff or Deputy Sheriffs of Harford County were *employees* of the State of Maryland, not whether the Sheriff or Deputy Sheriffs were State officials. We stated that "the Sheriff and Deputy Sheriffs of Harford County are officials and/or employees of the State of Maryland," *id.* at 281, 558 A.2d at 402, but our focus was on assigning liability, not on who was a State official under the State Ethics Law. *See id.* We state explicitly that we were not concerned with the distinction between employees and officials:

"The certified question asks us whether the Sheriff or Deputy Sheriffs of Harford County are 'employees' of the State of Maryland or of Harford County. Strictly speaking, sheriffs and deputies might be categorized as public officials rather than employees. A number of this Court's decisions have drawn distinctions between officers or officials and employees. In *Duncan v. Koustenis*, 260 Md. 98, 271 A.2d 547, the Court noted that public officials include those who 'can be called on to exercise police powers as conservators of the peace.' This Court has held that sheriffs are public officials. Deputy sheriffs arguably qualify as public officials in that they 'can be called on to exercise police powers as conservators of the peace.' The certified question, however, is not concerned with this distinction."

*Rucker v. Harford County*, 316 Md. 275, 281 n. 2, 558 A.2d 399, 402 n. 2 (1989) (citations omitted). Therefore, *Rucker* sheds little, if any, light on the issue of whether an assistant state's attorney should be considered a State official for the purposes of § 561A.

*JUDGMENT OF THE CIRCUIT COURT FOR ST. MARY'S COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE STATEMENT OF CHARGES. COSTS TO BE PAID BY ST. MARY'S COUNTY.*