872 A.2d 729

**STATE of Maryland**

v.

**Benjamin GLASS and Timothy Glass.**

**No. 50, Sept. Term, 2003.**

Court of Appeals of Maryland.

April 18, 2005.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for petitioner.

Jeffrey H. Kreshtool (Alan Kreshtool, Kreshtool & Kreshtool, P.A., on brief), Owings Mills, for respondents.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and JOHN C. ELDRIDGE, (Retired, specially assigned), JJ.

BELL, C.J.

The issue this case presents for resolution is whether defendants convicted of violating Maryland Code (1957, 1996 Repl. Volume, 2001 Cum.Supp.) Article 27, § 291A,[1] are eligible to receive the benefit of probation before judgment [2] pursuant to Maryland Code (2002) § 6–220(d)(2) of the Criminal Procedure

---

1. Maryland Code (1957, 2001 Repl. Volume), Article 27, § 291A was repealed and recodified, without substantive change, by 2002 Md. Laws, ch. 26, § 1, eff. Oct. 1, 2002. Its successor, which differs only stylistically and in statutory references made necessary by recodification now appears in the Maryland Code (2002) § 5–622 of the Criminal Law Article. Therefore, unless otherwise indicated future references will be to Article 27, § 291A, the statute in effect when the defendants were charged. That section provides, as pertinent:

 "(a) *Definitions.*—In this section "firearm" includes:
 "(1) Handgun, antique firearm, shotgun, short-barreled shotgun, and short-barreled rifle, as those are defined in § 372 of this article;
 "(2) Machine gun, as defined in § 441 of this article; and
 "(3) Regulated firearm, as defined in § 441 of this article.
 "(b) *Prohibited.*—A person may not possess, own, carry, or transport a firearm if the person has been convicted of:
 "(1) A felony under this subheading;
 "(2) An offense under the laws of the United States, another state, or the District of Columbia that would be a felony under this subheading if committed in this state; or
 "(3) Conspiracy or attempt to commit any of the offenses listed in paragraphs (1) and (2) of this subsection."

2. Maryland Code (2002) § 6–220(b) permits the court, under certain circumstances, all but the one at issue in this case presumably having been met, to "stay the entering of judgment, defer further proceedings, and place the defendant on probation subject to reasonable conditions." A defendant receiving such a disposition has not been convicted of the criminal offense charged. *See Myers v. State*, 303 Md. 639, 647–48, 496 A.2d 312 (1985).

Article.[3] The trial court, the Circuit Court for Baltimore County, which imposed the disposition, and, subsequently, on appeal, the Court of Special Appeals, concluded that the defendants were, in fact, eligible to receive probation before judgment. We shall affirm.

## I

It is undisputed that the respondents, Benjamin Glass and Timothy Glass, ("the defendants") were convicted in the mid–1980's of felonies under the Maryland controlled dangerous substance laws and that they subsequently were convicted of possessing, in September 2001, firearms in violation of Article 27, § 291A. At sentencing, the defendants requested a probation before judgment disposition, pursuant to § 6–220(d)(2). The State, objecting to that disposition, argued that the defendants were ineligible for probation before judgment, the § 291A conviction being a "second or subsequent controlled dangerous substance crime." It reasoned:

---

**3.** Section 6–220 is the successor to Maryland Code (1957, 1996 Repl. Vol.) Art. 27, § 641, which it replaced, *see* 2001 Md. Laws, ch. 10 § 1, according to the Revisor's Note, without substantive change. We refer to § 6–220 because it is procedural and in effect when the defendants were sentenced.

Section 641(a) (3), in effect when the defendants were charged, as relevant, provided:

"Notwithstanding paragraph (1) of this subsection, a court may not stay the entering of judgment and place a person on probation for a second or subsequent controlled dangerous substance offense under §§ 276 through 303 of this article."

Section 6–220 contains the same prohibition with respect to probation before judgment. It provides:

"(d) Notwithstanding subsections (b) and (c) of this section, a court may not stay the entering of judgment and place a defendant on probation for:

 * * * * * *

"(2) a second or subsequent controlled dangerous substance crime under Article 27, §§ 276 through 303 of the Code. . . ."

By 2002 Md. Laws, ch. 248, § 6–220(d)(2) now refers to "a second or subsequent controlled dangerous substance crime under Title 5 of the Criminal Law Article." Section 5–622 is codified in Title 5 of the Criminal Law article.

"Your Honor, my understanding is that ... 291 A, because it is under the controlled dangerous substance section, that qualifies into those-that range of sections, counts as a controlled dangerous violations because it is a prior conviction. Because of a prior conviction, [§ 291A] falls under the purview of that section, thus prohibiting a probation before judgment."

The trial court disagreed. It sentenced both defendants to probation before judgment, waived supervision, and ordered the defendants to pay court costs.

The State timely noted an appeal to the Court of Special Appeals, and, in addition, filed a motion to correct an illegal sentence, which was denied after the appeal was noted.[4] In an unreported opinion, the intermediate appellate court held that defendants convicted of violating Article 27, § 291A are nevertheless eligible to receive a probation before judgment disposition. This is so, that court reasoned, because "a firearm crime under Art. 27, § 291A that does not have as a component, conduct that involves a controlled dangerous substance ... is not a controlled dangerous substance crime. The ordinary and natural meaning [of] 'controlled dangerous substance

---

4. Maryland Code (1973, 1998 Repl. Volume) § 12–302(c)(2) of the Courts and Judicial Proceedings Article provides:

"(c) In a criminal case, the State may appeal as provided in this subsection.

 \* \* \* \* \* \*

"(2) The State may appeal from a final judgment if the State alleges that the trial judge:

"(i) Failed to impose the sentence specifically mandated by the Code; or

"(ii) Imposed or modified a sentence in violation of the Maryland Rules."

Because the State alleges that the trial court failed to impose the sentence specifically mandated by the Code, the State was authorized to appeal. *See State v. Purcell*, 342 Md. 214, 220, 674 A.2d 936, 939 (1996) (upholding State's right of appeal where court granted Purcell probation before judgment in violation of § 641(a)(2), thus "fail[ing] to impose the sentence specifically mandated by the Code"); *Shilling v. State*, 320 Md. 288, 294, 577 A.2d 83, 86 (1990) ("For our purposes, a sentence is specifically mandated when the legislature prohibits probation before judgment or suspension of the imposition of sentence.").

crime' does not, in our opinion, include firearm crimes. Section 291A, therefore, only makes firearm possession a derivative crime of a prior controlled dangerous substance crime." In a footnote, the court referenced Maryland Code (2002) § 5–101(f) of the Criminal Law Article, the successor, without substantive change, to Maryland Code (1957, 1996 Repl. Volume) Article 27, § 277(f) and (v), which defines "controlled dangerous substance" as follows:

"(f)(1) 'Controlled dangerous substance' means:

(i) a drug or substance listed in Schedule I through Schedule V; or

"(ii) an immediate precursor to a drug or substance listed in Schedule I through Schedule V that:

"1. by regulation the Department designates as being the principal compound commonly used or produced primarily for use to manufacture a drug or substance listed in Schedule I through Schedule V;

"2. is an immediate chemical intermediary used or likely to be used to manufacture a drug or substance listed in Schedule I through Schedule V; and

"3. must be controlled to prevent or limit the manufacture of a drug or substance listed in Schedule I through Schedule V.

"(2) 'Controlled dangerous substance' does not include distilled spirits, wine, malt beverages, or tobacco."

The court also made clear that the decision whether to grant probation before judgment is solely within the discretion of the trial court.

We granted the State's petition for writ of certiorari. *State v. Glass,* 376 Md. 543, 831 A.2d 3 (2003).

## II

Both sides agree that § 6–220(d)(2) is facially unambiguous. From that conclusion, however, they draw different inferences and, thus, reach different interpretations of the statute. The State proffers that what § 6–220(d)(2) clearly proscribes is a

probation before judgment disposition when there have been multiple convictions of controlled dangerous substance crimes, the second or subsequent one being preclusive of that disposition. That statute, it submits, specifies clearly the crimes to which the preclusion applies, those enumerated in sections "276 through 303" of Article 27. Continuing, the State asserts that the crime of which the defendants were convicted, possessing a firearm after conviction of a felony, being codified, at the time, at § 291A, "is included in the category of crimes for which probation before judgment is prohibited, i.e., Sections 276 through 303." The State concludes: "By its plain language, this statute precluded a disposition of probation before judgment where, as here, the second crime is a violation of Article 27, Section 291A."

The State rejects the rationale used by the trial court to justify imposing the probation before judgment disposition, that § 291A, prohibiting felons from possessing firearms is "different" from the controlled dangerous substance crimes specified in § 6–220(d)(2). It points out that included in the enumerated range, §§ 276–303, are, in addition to statutes that define crimes, statutes that do not, but rather regulate the persons and businesses handling controlled dangerous substances, i.e., § 294, governing inspections of factories and warehouses, § 297, addressing forfeiture of personal and real property, and § 298A, involving notification of licensing authorities when a person holding certain licenses is convicted of a controlled dangerous substance offense. Therefore, the State concludes:

> "Section 291A was included within the controlled dangerous substance's subheading because it defined a crime and because it applied to a person 'convicted of [ ] [a] felony under this subheading' (or equivalent offense from out-of-state); the subheading is 'Health—Controlled Dangerous Substances.' "

It is also important, the State believes, that § 6–220's prohibition of probation before judgment for repeat felony convictions of controlled dangerous substance crimes was enacted prior to the enactment of § 291A, thus pre-dating the

creation of that crime. Prior to its amendment in 1990, *see* 1990 Md. Laws, ch. 410, § 6–220's predecessor, Article 27, § 641, identified the second or subsequent controlled dangerous substance offense to which it applied as that "defined in Section 298." The amendment broadened the objects of the prohibition to include a second or subsequent controlled dangerous offense "under Sections 276 through 303 of this Article." Section 291A, the State points out, was not enacted until 1991, "FOR the purpose of prohibiting a person convicted of certain controlled dangerous substance felonies or conspiracy or attempt to commit certain controlled dangerous substance felonies from possessing, owning, carrying, or transporting a firearm[.]" *See* 1991 Md. Laws, ch. 613. From this chronology, the State maintains:

> "While the bill file contains no explicit reference to an intent to limit dispositions of probation before judgment, it is clear that the new crime was designated Article 27, Section 291A before the bill was passed. . . . This Court may presume that the Maryland General Assembly acted with knowledge of its prior legislation. *State v. Bricker*, 321 Md. 86, 93[, 581 A.2d 9, 14] (1990); *Cicoria v. State*, 332 Md. 21, 43[, 629 A.2d 742, 752] (1993)."

(Citing "Mark Up" of House Bill 978, prepared after second reading, contained in bill file for 1991 House Bill 978).

As indicated, the defendants also argue that § 6–220(d)(2) is clear and unambiguous. They reach the opposite conclusion to that reached by the State, however, that § 6–220(d)(2) does not prohibit a probation before judgment disposition to one convicted of a violation of § 291A, after having been convicted of a felony controlled dangerous substance crime. Focusing on the words, "controlled dangerous substance crime," the defendants assert that "[t]he plain language of the statute clearly indicates that it is intended only to apply to those crimes under Title 5 of the Criminal Law Article which are crimes involving controlled dangerous substances . . . ." The interpretation urged by the State, that the prohibition applies to every crime codified in Title 5, whether a controlled dangerous substance crime or not, would, they submit, render the

words, "controlled dangerous substance crime," meaningless and mere surplusage, thus violating a cardinal canon of statutory construction. Noting that the crime of possessing a firearm after conviction of a felony does not require the use, sale or possession of a controlled dangerous substance, and can be committed without ever coming into contact with any such substance, the defendants conclude that their convictions of § 291A were not second or subsequent controlled dangerous substance crimes.

## III.

 The issue presented by this case is, as the parties and the Court of Special Appeals recognize, one of statutory interpretation. Our task, then, is to determine the Legislature's intent in enacting § 6–220(d)(2) and, more specifically, whether this subsection precludes the granting of probation before judgment to defendants who have been convicted of a felony under the controlled dangerous substance subheading and subsequently are convicted, pursuant to Art. 27, § 291A, of possessing a firearm.

 The cardinal rule of statutory construction is to ascertain and effectuate legislative intent. *Mayor and Council of Rockville, et al v. Rylyns Enterprises, Inc.*, 372 Md. 514, 549, 814 A.2d 469, 490 (2002); *Mayor and City Council v. Chase*, 360 Md. 121, 128, 756 A.2d 987, 991 (2000); *Chesapeake and Potomac Telephone Co. of Maryland v. Director of Finance for Mayor and City Council of Baltimore*, 343 Md. 567, 578–79, 683 A.2d 512, 517–18 (1996); *Oaks v. Connors*, 339 Md. 24, 35, 660 A.2d 423, 429 (1995); *Montgomery County v. Buckman*, 333 Md. 516, 523, 636 A.2d 448, 451 (1994); *Condon v. State*, 332 Md. 481, 491, 632 A.2d 753, 755 (1993). This inquiry begins with the words of the statute and, when the words of the statute are clear and unambiguous, according to their commonly understood meaning, the analysis ordinarily, ends there. *Oaks, supra,* 339 Md. at 35, 660 A.2d at 429; *Buckman, supra,* 333 Md. at 523, 636 A.2d at 451; *Condon, supra,* 332 Md. at 491, 632 A.2d at 755; *Harris v. State*, 331

Md. 137, 145–46, 626 A.2d 946, 950 (1993). Moreover, a court may neither add to, nor delete, statutory language that is plain and unambiguous language in order to "reflect an intent not evidenced in that language," *Condon, supra*, 332 Md. at 491, 632 A.2d at 755, nor may it construe the statute with " 'forced or subtle interpretations" that limit or extend its application.' *Id.* (quoting *Tucker v. Fireman's Fund Insurance Co.*, 308 Md. 69, 73, 517 A.2d 730, 732 (1986)). And a statute should be read so that no word, clause, sentence or phrase is rendered superfluous or nugatory. *Buckman, supra*, 333 Md. at 524, 636 A.2d at 452; *Condon, supra*, 332 Md. at 491, 632 A.2d at 755." The analysis, in other words, "must be undertaken from a commonsensical rather than a technical, perspective, always seeking to avoid giving the statute a strained interpretation or one that reaches an absurd result." *See Bane v. State*, 327 Md. 305, 308–309, 609 A.2d 313, 314–315 (1992).

We agree with the parties that § 6–220(d)(2) is clear and unambiguous. We believe, however, that the interpretation urged by the Court of Special Appeals and the defendants is the correct one. As the intermediate appellate court discerns, the resolution of the construction issue distills to "whether the phrase 'controlled dangerous substance crime' modifies 'under Article 27, §§ 276 through 303, . . . or if the phrase merely describes, broadly, the crimes for which probation before judgment is prohibited, and that the enumerated sections actually control." The defendants correctly observe that adopting the latter construction, as the State does, renders nugatory and, therefore, meaningless, the critical phrase, "controlled dangerous substance crime." Had the Legislature intended the broader reach, it certainly would not have used such a restrictive phrase.

When, however, that restrictive phrase is considered, as it must be, it is clear, as the Court of Special Appeals concluded, that the prerequisite established by the General Assembly in enacting § 6–220(d)(2), has not been, and could not have been, met. Section 291A is not a controlled dangerous substance crime. Its violation does not depend on engaging in conduct involving controlled dangerous substances; violation occurs

whenever conviction of a predicate felony, any predicate felony, not just those involving controlled dangerous substances, precedes possession of a firearm. That a category of felonies that forms the predicate for the offense is "controlled dangerous substance crimes," does not render a violation of § 291A, based on any such crimes, a "controlled dangerous substance crime."

The Court of Special Appeals confirmed its "plain-meaning interpretation" by reference to § 6–220's legislative history. *See Chase, supra,* 360 Md. at 128, 756 A.2d at 991 (when the language of the statute is clear and unambiguous, "the resort to legislative history is a confirmatory process; it is not undertaken to contradict the plain meaning of the statute"); *Coleman v. State,* 281 Md. 538, 546, 380 A.2d 49, 54 (1977) ("a court may not as a general rule surmise a legislative intention contrary to the plain language of a statute or insert exceptions not made by the legislature."). Specifically, it referenced the amendment of former Article 27, § 641, the predecessor of § 6–220, by the passage of the "Drug Enforcement Act of 1990. *See* 1990 Md. Law, ch. 410. The purpose clause of the Act stated as one of the purposes of the Act, to "restrict[ ] the authority to grant probation before judgment for *certain offenses.*" Moreover, the court quoted the Preamble of the Act, which provided:

"WHEREAS, The Commission's plan calls for changing our society's *behavior and attitude about drug abuse by, among other things ... restricting the use of probation before judgment in controlled dangerous substance cases ...,*"

concluding:

"It is apparent from this language that, upon its passage, the prohibition on probation before judgment applied only to controlled dangerous substances. Even more persuasively, we point out that Art. 27, § 291A was not enacted until 1991, the following year. 1990 Md. Laws 613. Thus, it is clear that at the time of the enactment of the Drug Enforcement Act of 1990, prohibition of probation before judgment

did not apply to derivative firearm crimes, such as the crime for which the Glass brothers were convicted."

We agree. This also answers the State's legislative history argument.

JUDGMENT AFFIRMED, WITH COSTS.