887 A.2d 1078

Charles STANLEY

v.

STATE of Maryland.

No. 80, Sept. Term, 2004.

Court of Appeals of Maryland.

Dec. 13, 2005.

Martha Weisheit, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), for petitioner.

Shannon E. Avery, Asst. Atty. Gen. (J. Joseph Curran, Atty. Gen., on brief), for respondent.

Argued before BELL, C.J. RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BELL, C.J.

Charles Stanley, the petitioner, was convicted, on January 24, 2003, by a jury in the Circuit Court for Baltimore City, of possession of a firearm after previously having been convicted of a crime of violence, in violation of Maryland Code (1957, 1996 Repl.Vol., 2001Cum. Supp.) Art. 27, § 449(e).[1] Subsequently, he was sentenced for that offense to five years imprisonment, without the possibility of parole. When the petitioner was sentenced, he previously had been convicted of second degree assault, the proof of which was supplied by the State, and for violating an *ex parte* order entered when he and his wife were separated. Second degree assault, the critical conviction, was a crime of violence, *see* § 441(e),[2] but not a felony. *See* § 12A (b).[3]

The petitioner believed he was illegally sentenced because, he argued, for § 449(e) to apply, not simply a crime of violence was required to be shown, but proof of a felony conviction was a prerequisite as well. This is evident, he submits, from the language of the statute itself:

"A person who was previously convicted of a crime of violence as defined in § 441(e) of this article or convicted of

---

1. He also was charged with, and convicted of, discharging a firearm in the city limits, for which he received a concurrent sentence of time served to that for the illegal possession of a firearm.

 Unless otherwise indicated, future references are to Maryland Code (1954, 1996 Repl.Vol., 2001 Cum.Supp.).

2. Maryland Code (1957, 1996 Repl.Vol., 2001Cum. Supp.) Art. 27 § 441(e)(3) includes in the definition of "crimes of violence," assault in the first or second degree. By Acts 2003, ch. 5, § 1, § 441 was repealed and reenacted as § 5–101 of the Public Safety Article, with § 441(e) becoming § 5–101(c).

3. Art. 27, § 12A (b) provided:

 "(b) *Violation; penalties.*-A person who violates this section is guilty of the misdemeanor of assault in the second degree and on conviction is subject to a fine of not more than $2,500 or imprisonment for not more than 10 years or both."

 By Acts 2002, c. 26, § 2, eff. Oct. 1, 2002, § 12A was repealed, re-enacted and re-codified as Maryland Code (2002) § 3–203 of the Criminal Law Article.

a violation of § 286 or § 286A of this article, and who is in illegal possession of a firearm as defined in § 445(d)(1)(i) and (ii) of this article, is guilty of a felony and upon conviction shall be imprisoned for not less than 5 years, no part of which may be suspended and the person may not be eligible for parole. Each violation shall be considered a separate offense." [4]

That section, he points out, in delineating its scope, referred to Art. 27, § 445, which identifies the persons whose possession of a firearm is illegal, and, more to the point, expressly specified, as a unit, two of the sub-sections defining illegal possession, (d)(1)(i) and (ii),[5] as the definition applicable to it. Under that definition, he concludes, "a person is not in illegal possession of a firearm unless the person has previously been convicted of *both* a 'crime of violence' *and* '[a]ny violation classified as a felony in this State.'" Because his conviction for second degree assault, although a crime of violence, was a

---

4. By Acts 2003, ch. 5, § 2, § 449(e) was repealed and recodified as Maryland Code (2003) § 5–133(c) of the Public Safety Article, which provides:

"(c)(1) A person may not possess a regulated firearm if the person was previously convicted of:
"(i) a crime of violence; or
"(ii) a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–606, § 5–607, § 5–608, § 5–609, § 5–612, § 5–613, or § 5–614 of the Criminal Law Article.
"(2) A person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years, no part of which may be suspended.
"(3) A person sentenced under paragraph (1) of this subsection may not be eligible for parole.
"(4) Each violation of this subsection is a separate crime."
The enumerated crimes are essentially those encompassed in § 449(e) by the reference to §§ 286 and 286A.

5. Section 445(d)(1)(i) and (ii) provided:

"A person may not possess a regulated firearm if the person:
"(1) Has been convicted of:
"(i) A crime of violence;
"(2) Any violation classified as a felony in this State or any conspiracy to commit any crimes established by those sections."
Section 445 was repealed by Acts 2003, c. 5, § 1, eff. Oct. 1, 2003.

misdemeanor, the petitioner maintained that the enhanced penalty of § 449(e) did not apply to him.

Armed with that argument, the petitioner noted an appeal to the Court of Special Appeals. A divided panel of that court, in a reported opinion, rejected the argument. *Stanley v. State*, 157 Md.App. 363, 851 A.2d 612 (2004). It did so despite its recognition that § 449(e) was an enhanced penalty statute, which, because highly penal, must be construed strictly and to which the rule of lenity applied insofar as doubt might exist regarding the punishment imposed, *id.* at 678, 851 A.2d at 620 (quoting *Melton v. State*, 379 Md. 471, 489, 842 A.2d 743, 753 (2004)), and its acknowledgment both that this Court has been clear that "[o]nly if the statutory language is ambiguous will this Court look 'beyond the statute's plain language in discerning the legislative intent,' " *id.* at 377, 851 A.2d at 620, (quoting *Melton*, 379 Md. at 476–477, 842 A.2d at 746–747), and that "the 'plain meaning' of § 449(e) suggests that it applies to persons who have been convicted of both a crime of violence and a felony." *Id.* at 379, 851 A.2d at 620. Noting, and relying on some of our other, earlier cases emphasizing the non-absoluteness of the "plain meaning" rule, *i.e. Derry v. State*, 358 Md. 325, 336, 748 A.2d 478, 483–484 (2000) ("[W]e do not view the plain language of a statute in a vacuum. The plain meaning rule of construction is not absolute; rather, the statute must be construed reasonably with reference to the purpose, aim, or policy of the enacting body"); *Degren v. State*, 352 Md. 400, 418, 722 A.2d 887, 898 (1999) (" '[w]e are not constrained ... by ... "the literal or usual meaning" of the terms at issue.' "); *Outmezguine v. State*, 335 Md. 20, 41, 641 A.2d 870, 880–881 (1994) ("The plain language can not be viewed in isolation; rather, the entire statutory scheme must be analyzed as a whole."), and *State v. Pagano*, 341 Md. 129, 134, 669 A.2d 1339, 1341 (1996) for the proposition that statutes are to be read "so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory," the intermediate appellate court concluded, "an examination of the statute in context and in conjunction with the statutory scheme makes clear that [both a conviction of a

crime of violence and of a felony] was not the legislative intent." *Stanley*, 157 Md.App. at 378–79, 851 A.2d at 620. It explained:

> "Interpreting the statute as appellant suggests would require us to render a portion of the statute superfluous and would produce an illogical result. Section 449(e) applies to 'a person who was previously convicted of a crime of violence as defined in § 441(e)' or of a violation of Article 27 § 286 or § 286A. Article 27 §§ 286 and 286A prohibit various drug crimes. None of the offenses prohibited by those statutes is a 'crime of violence as defined in § 441(e).' It would be illogical for the legislature specifically to have listed §§ 286 and 286A in § 449(e) if it intended that the section apply only to persons who have previously been convicted of both a felony and a crime of violence. In addition, § 445(d)(1) does not prohibit possession of any firearm, but of a 'regulated firearm.' Reading § 449(e) together with § 445(d)(1) indicates that the phrase, 'who is in possession of a firearm as defined in § 445(d)(1)(i) and (ii) of this article,' refers to a person who is in possession of a regulated firearm and that the legislature used the word 'and' because the definition of 'regulated firearm' is the same in § 445(d)(1)(i) as it is in § 445(d)(1)(ii). As seen above, section 445(d)(1) lists subsections (i) and (ii) in the disjunctive."

*Id.* at 379, 851 A.2d at 620.

The majority also found support for its position in the legislative history, both pre- and post-enactment, of § 449(e). Significant, in that regard, were the bill analyses for the House and Senate versions of the bill that was to become § 449(e). They both referred to the qualifying convictions applicable to the bill under consideration in the disjunctive: the House version providing, "The bill creates a new felony and a five-year mandatory minimum term of imprisonment for a person who illegally possesses a firearm and has certain qualifying convictions for crimes of violence or certain controlled dangerous substances" and the Senate version declaring, "The bill establishes a felony that provides a 5 year

minimum mandatory term of imprisonment for a person who illegally possesses a firearm and who was previously convicted of *a crime of violence or certain serious controlled dangerous substances violations.*" Similarly important to the majority's reasoning is the new statute, the recodified version of § 449(e), *i.e.* Maryland Code (2003) § 5–133(c) of the Public Safety Article. It points to that statute as "support[ive of] the view that the legislature intended § 449(e) to apply to a person previously convicted of either a felony or a crime of violence," *Stanley,* 157 Md.App. at 380, 851 A.2d at 621, noting that the revisor's note states that the simpler formulation, which it attributes to the revisers, reflected in § 5–133(c) of the Public Safety Article "is new language derived *without substantive change* from former Art. 27, §§ 449(e) and 445(d), (e) and, except as it related to the transfer of regulated firearms, (a)." *Id.* at 380–381, 851 A.2d at 621–622.[6]

As indicated, the Court of Special Appeals was divided. Judge Davis, in dissent, relying on one of our more recent cases for the purpose, *Price v. State,* 378 Md. 378, 387–88, 835 A.2d 1221, 1226–1227 (2003),[7] reminded the majority of the importance that this Court places on beginning its quest for legislative intent with the plain language of the enactment at

---

6. As Judge Davis makes clear, *Stanley v. State,* 157 Md.App. 363, 382, 851 A.2d 612, 622 (2004), in addition to the reference to the revisor's note which the majority quoted, the revisor made a more specific reference to the very phrase under review, "who is in illegal possession of a firearm as defined in § 445(d)(1)(i) and (ii) of [Art. 27]." It is:
 "The Public Safety Article Review Committee noted in Ch. 5 for consideration by the General Assembly, that the meaning of the reference in former Art. 27, §§ 449(e) to" was unclear. Former Art. 27, §§ 445(d)(1)(i) and (ii) prohibited a person who has been convicted of a crime of violence or any violation classified as a felony in this State from possessing a regulated firearm. The General Assembly may wish to clarify the meaning of former Art. 27, §§ 449(e), which is revised in subsection (c) of this section."

7. The issue before us in that case was whether daytime housebreaking was a crime of violence under § 441(e). *Price v. State,* 378 Md. 378, 384, 835 A.2d 1221, 1224 (2003). We specifically did not address, because it was not raised, "whether § 449(e)'s mandatory sentencing imperative requires a conviction under both § 445(d)(1)(i) *and* (ii), as the plain language indicates." *Id.* at 384, 835 A.2d at 1225.

issue and, in fact, that it is "the strongly preferred norm of statutory interpretation." *Stanley,* 157 Md.App. at 384, 851 A.2d at 623 (Davis, J., dissenting). In that case, as Judge Davis pointed out, we were emphatic as to process: when the statutory text reveals ambiguity, we are required to resolve it utilizing "all the resources and tools of statutory construction at our disposal, but

> *"before judges may look to other sources for interpretation, first there must exist an ambiguity within the statute, i.e., two or more reasonable alternative interpretations of the statute. See Greco v. State,* 347 Md. 423, 429, 701 A.2d 419, 421 (1997). Where the statutory language is free from such ambiguity, courts will neither look beyond the words of the statute itself to determine legislative intent nor add to or delete words from the statute, *see Gillespie v. State,* 370 Md. 219, 222, 804 A.2d 426, 427 (2002). Only when faced with ambiguity will courts consider both the literal or usual meaning of the words as well as their meaning in light of the objectives and purposes of the enactment. As our predecessors noted, 'We cannot assume authority to read into the Act what the Legislature apparently deliberately left out. Judicial construction should only be resorted to when an ambiguity exists.' "

*Id.* at 383, 851 A.2d at 623, quoting *Price,* 378 Md. at 387–88, 835 A.2d at 1226. Judge Davis concluded that there was no ambiguity in § 449(e), that it was clear and unambiguous. Therefore, no construction was required. Moreover, relying on *Melton,* 379 Md. at 488–89, 842 A.2d at 753–754, Judge Davis believed that the Rule of Lenity applied in any event, the language of § 449(e) being at best ambiguous, thus raising a doubt as to the punishment the statute imposed. *Id.* at 623–24, 851 A.2d at 384–85.

The petitioner, aggrieved by the judgment of the Court of Special Appeals, filed a petition for certiorari with this Court, which we granted, *Stanley v. State,* 383 Md. 256, 858 A.2d 1017 (2004), to consider whether legislative history, pre- and post-enactment, may trump the plain and clear and unambiguous language of a statute. We shall reverse.

 We agree with the petitioner and with Judge Davis, § 449(e) is clear and unambiguous. By its clear and explicit terms, to be subject to the enhanced penalty it prescribes, a person must be "in illegal possession of a firearm as defined in § 445(d)(i) and (ii)," and been convicted previously of a crime of violence as defined in § 441(e) or been convicted of certain enumerated drug-related offenses. *See Price,* 378 Md. at 384, 835 A.2d at 1224, in which this Court commented:

> "Section 449 (e), by its plain structure, is divided into two requirements. The first requirement is that the defendant have a previous conviction of a crime that falls within § 441(e). The second requirement is that the defendant have a current conviction under § 445(d)(1)(i) and (ii)."

The definition of the illegal possession targeted for purposes of this statute—there are two other proscribed possessions listed in § 445(d) [8]—consists of two elements and is stated in the conjunctive. Consequently, both elements must be met; it is not sufficient if only one is present. That means, since the definition includes a crime of violence *and* "any violation classified as a felony in this State," that a conviction of both, not just one, must be established. Thus, it is not enough that the person be convicted of a crime of violence under § 441(e). On the contrary, unless the illegal possession of the firearm is established by proof of a "violation classified as a felony," the establishment of the crime of violence under § 441(e) could not trigger the enhanced punishment. Were it otherwise, we would not give the entire statute effect and, in fact, we would be rendering the conjunction, "and," superfluous. Moreover, we would be adding a word, "or," to the statute that the General Assembly did not. It is a well settled canon of statutory construction that we should, when interpreting a

---

**8.** Maryland Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.) § 445(d)(1) also proscribed possession of a firearm by a person who has been convicted of

"(iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years; or

"(iv) Any violation classified as a common law offense where the person received a term of imprisonment of more than 2 years."

statute, give effect to all of the language and avoid a construction that renders any portion superfluous. *Design Kitchen and Baths v. Lagos,* 388 Md. 718, 729, 882 A.2d 817, 823–24 (2005); *Moore v. State,* 388 Md. 446, 453, 879 A.2d 1111, 1114 (2005); *Ware v. State,* 348 Md. 19, 59, 702 A.2d 699, 719 (1997). We have also recognized that "Where the words of a statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning," the Court will give effect to the statute as the language is written. *Moore v. Miley,* 372 Md. 663, 677, 814 A.2d 557, 566 (2003)." *See Moore,* 388 Md. 446, 453, 879 A.2d 1111, 1114 ("if the plain language of the statute is unambiguous and consistent with the apparent purpose of the statute, we give effect to the statute as it is written"). Just as a court may not render statutory language surplusage, it may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute. *Price,* 378 Md. at 387, 835 A.2d at 1226 (2003).

The Court of Special Appeals asserted, as part of its rationale for interpreting § 449(e) as it did, that it would be illogical for the Legislature to have placed §§ 286 and 286A in § 449(e), disjunctively with § 441(e), had it intended § 449(e) to apply only to persons with both a felony and a crime of violence conviction. At the outset, it is appropriate to reiterate that the statute is clear and unambiguous. Even if it may be, to us, illogical and irrational, there is no basis for the Court to refuse to give effect to the clear direction of the General Assembly. But, it is not illogical or irrational for the General Assembly to have reserved the harshest punishment for those with the most reprehensible record. As the petitioner points out:

> "A person in illegal possession of a firearm, either because of a previous conviction of a crime of violence or a previous conviction of a felony, would always have been subject to the penalty provided by Article 27, § 449(a).... It is entirely reasonable to reserve the mandatory penalty of subsection (e) for those individuals who have criminal records which include both a felony and a crime of violence."

 Nor are we satisfied that the legislative history pre-enactment of § 449(e) or post its enactment, *i.e.* its repeal and recodification as § 5–133(c), provides a basis for an interpretation different from the one we reach. As indicated, the statute is not ambiguous; thus, there is no reason to consult legislative history as an aid to construing it. What we said in *Price* bears repeating:

"[A]ll statutory interpretation begins, and usually ends, with the statutory text itself, *Marriott Employees v. MVA*, 346 Md. 437, 444–45, 697 A.2d 455, 458 (1997), for the legislative intent of a statute primarily reveals itself through the statute's very words, *Derry v. State*, 358 Md. 325, 335, 748 A.2d 478, 483 (2000). A court may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute; nor may it construe the statute with forced or subtle interpretations that limit or extend its application. *County Council v. Dutcher*, 365 Md. 399, 416–417, 780 A.2d 1137, 1147 (2001). In short, if the words of a statute clearly and unambiguously delineate the legislative intent, ours is an ephemeral enterprise. We need investigate no further but simply apply the statute as it reads. *Derry*, 358 Md. at 335, 748 A.2d at 483; *Kaczorowski v. Mayor & City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628, 633 (1987)."

We are aware that this Court has reviewed the legislative history of a statute which we have pronounced clear and unambiguous. In those circumstances, that is a confirmatory process, *see Lagos*, 388 Md. 718, 730, 882 A.2d 817, 824; *State v. Glass*, 386 Md. 401, 411, 872 A.2d 729, 735 (2005); *Mayor and City Council of Baltimore v. Chase*, 360 Md. 121, 128, 756 A.2d 987, 991 (2000) (when the language of the statute is clear and unambiguous, "the resort to legislative history is a confirmatory process; it is not undertaken to contradict the plain meaning of the statute"); *Coleman v. State*, 281 Md. 538, 546, 380 A.2d 49, 54 (1977) ("a court may not as a general rule surmise a legislative intention contrary to the plain language of a statute or insert exceptions not made by the legislature"), not a contradictory one.

We also do not believe that the amendment of a statute, with an explanatory note suffices to contradict the plain language of a statute. The amendment itself, because it must change that which was contradictory of the legislative intent, is proof of the contrary, that the statute actually did not mirror legislative intent. A revisor's note indicating that the change was made without substantive change does not change that fact. That is especially the case here, where the revisor highlighted for the General Assembly what the revisor termed "unclear." In any event, *albeit* not the identical issue, what we said in *Price*, addressing a similar issue, is instructive. In that case, the State argued that the crime of daytime house-breaking, though not actually included in the list of crimes of violence in § 441(e), was included by implication, referring to a Committee Note to the 1994 amendment to § 441(e), in which the amendment was characterized as "stylistic" and "essentially retain[ing] the current law in the area." 378 Md. at 391, 835 A.2d at 1228. This Court rejected the argument. We explained:

"A change to a statute cannot, regardless of what the Committee Note declares, be considered 'stylistic' if it removes one crime from an enumerated list and replaces it with another that requires different elements of proof."

*Id.* at 392, 835 A.2d at 1229.

The same can be said of an amendment that radically changes the requirements for the application of an enhanced penalty statute. In this case, rather than a definition supplied by a reference in the conjunctive, the reference has been removed entirely and replaced by specific references to specified crimes. Such a change is not "without substantive change." It radically changes, as in *Price*, the elements of proof required by the statute.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY. COSTS IN

THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.